## TUCKER et al. v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. April 21, 1924.)

No. 3302.

1. **Criminal law ⊜59(1)—No master and servant among wrongdoers.**
Under Criminal Code, § 332 (Comp. St. § 10506), there is no question of master and servant among wrongdoers.

2. **Searches and seizures ⊜3—Search warrant held valid.**
A search warrant, issued and signed by a federal judge, *held* not invalid because of the failure to erase the name of a commissioner from the printed blank used.

3. **Searches and seizures ⊜3—Satisfaction of judge of grounds for search warrant presumed from its issuance.**
Under Act June 15, 1917, tit. 11, § 6 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼f), authorizing issuance of a search warrant by a judge or commissioner, if "satisfied of the existence of the grounds of the application," his satisfaction may be presumed from the fact of the issuance of the warrant, and need not be recited.

4. **Criminal law ⊜633(1)—Court not obliged to stop trial to inquire into method of obtaining evidence.**
A court is not required to stop the trial for the purpose of inquiring into the method of obtaining evidence offered.

In Error to the District Court of the United States for the Eastern District of Illinois.

Criminal prosecution by the United States against Louis Tucker and Joe Gould. Judgment of conviction, and defendants bring error. Affirmed.

R. B. Hendricks and S. W. Baxter, both of East St. Louis, Ill., for plaintiffs in error.

L. V. Walcott, of East St. Louis, Ill., for the United States.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge. Plaintiffs in error, called defendants, were charged in an information, filed December 13, 1922, containing four counts, with offenses against the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), viz. the sale, possession, and manufacture of intoxicating liquors, and maintaining a nuisance. The manufacturing count was dismissed. Trial was had in March, 1923. Gould, under instruction of the court, was found not guilty under the sale count. Tucker was found guilty on the sale count, and both on the possession and nuisance counts.

There was abundant evidence that on October 21, 1922, Tucker, in his soft drink parlor, where Gould was employed as his cook and barkeeper, sold intoxicating liquor. On November 22, 1923, prohibition officers, with a search warrant, went to Tucker's place, while he was absent and Gould was in charge, and found a large amount of beer and whisky, containing more than the prohibited amount of alcohol. There was also evidence that they were kept for sale.

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] If the search warrant was valid, or if the defendants failed to properly raise the question of its validity, then the evidence was sufficient to warrant the jury in finding both Tucker and Gould guilty. There is no master and servant among wrongdoers. Weinstein v. U. S., (C. C. A.) 280 Fed. 703; U. S. Criminal Code, § 332 (Comp. St. § 10506); Hitchman Coal & Coke Co. v. Mitchell, 245 U. S. 229, 249, 38 Sup. Ct. 65, 62 L. Ed. 260, L. R. A. 1918C, 497, Ann. Cas. 1918B, 461. Though both defendants knew about the search warrant three months before the trial, no steps were taken to obtain a return of the beverages or to question the validity of the warrant.

Prohibition Agent Thomas testified that on November 22d he was acting under a search warrant and found two half-barrels of beer in the refrigerator. Thereupon defendants' counsel said:

"I object to any testimony about what was found there without first offering the search warrant in evidence; there may be some objection to it, if it is not a good search warrant."

The objection was overruled and exception preserved.

The witness Granay was asked what, if anything, he found. Defendants' counsel again said:

"I object to any acts done without the search warrant being admitted in evidence."

Just before the government closed its case, a bottle of spirits that the government chemist testified contained a prohibited amount of alcohol, and that was a part of the spirits taken under the search warrant, was, without objection, offered and admitted in evidence.

[2] The search warrant was put in evidence by the defendants. They then moved to suppress it, and to have excluded from the jury the evidence "which was taken by virtue of this search warrant, for the reason that it appears from an examination of the search warrant that a pretended hearing was had upon which it was issued." As a part of the search warrant, there was introduced a complaint, supported by affidavit of the prohibition agent, at the beginning of which is the recital:

"Be it remembered that on this 22d day of November, A. D. 1922, before me, the undersigned, a United States Judge for the Eastern District of Illinois, came and personally appeared J. E. Earley (federal prohibition agent in charge)," etc., to which was signed the name of J. E. Early, and the words "Subscribed and sworn to before me this 22d day of November, A. D. 1922. George W. English, United States Judge."

Then follows the warrant, in which there are three recitals. The first recital states that a complaint, supported by affidavit, was filed before George W. English, a United States Judge. The second is a statement of the probable cause for the issuance of the warrant. The alleged defect in the warrant is in the last recital, which is:

"Whereas, this cause having come on for a hearing on the application for a search warrant supported by the affidavit, about set forth, Philip B. Cheaney, the undersigned United States commissioner, thereupon being satisfied that there is a probable cause to believe that the grounds set forth in said complaint and application and affidavit do exist and that the law is being violated as therein charged, does hereby so find."

Then follows:

"You are, therefore, hereby commanded," etc., and the warrant is signed, "George W. English, United States Judge for the Eastern District of Illinois."

The only objection made was that:

"The search warrant recites that the hearing and the adjudication was made by Philip B. Cheaney, and says that he signed the search warrant, which in fact he didn't do."

The whole warrant, including the recitals and the name Philip B. Cheaney, were upon a printed blank, and Cheaney's name had not been erased, but the signature of the "undersigned" George W. English, United States Judge, was written at the bottom. We are of opinion that the important and material thing in the recital is "the undersigned," and that the printed words, "Philip B. Cheaney, United States Commissioner," are merely unimportant surplusage, when it appears that the "undersigned" was really George W. English, the United States District Judge for the Eastern District of Illinois, the officer before whom the complaint was made.

[3] The Act of June 15, 1917 (40 Stat. p. 228), pursuant to the provisions of which search warrants are to be issued in this character of cases, provides (title 11, § 6 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼f]):

"If the judge * * * is thereupon satisfied of the existence of the grounds of the application or that there is probable cause to believe their existence, he must issue a search warrant, signed by him with his name of office," etc.

There is no requirement that the satisfaction of the officer shall be either preserved or expressed in writing or in the warrant. His satisfaction may be presumed from the fact of the issuance of the warrant. We are of opinion that the objection to the search warrant is not well taken.

[4] The court was not obligated to stop the trial for the purpose of inquiring into the method of obtaining the evidence. Adams v. N. Y., 192 U. S. 585, 24 Sup. Ct. 372, 48 L. Ed. 575; Weeks v. U. S., 232 U. S. 383, 34 Sup. Ct. 341, 58 L. Ed. 652; L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Haywood v. U. S. (C. C. A.) 268 Fed. 795, and cases cited on page 803; Silverthorne Lumber Co. v. U. S., 251 U. S. 385, 40 Sup. Ct. 182, 64 L. Ed. 319; Gouled v. U. S., 255 U. S. 298, 41 Sup. Ct. 261, 65 L. Ed. 647.

The question as to the validity of the search warrant does not arise as to the sale count.

Judgment is affirmed.