## LANDWIRTH v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. June 11, 1924.)

### No. 3116.

1. **Criminal law ⬤�longdash1032(5)—Objection to indictment for lack of particularity must be made in trial court.**

    That an indictment lacks particularity of averment is not ground for reversal, where objection is first made in the appellate court.

2. **Criminal law ⬤�longdash1038(2), 1056(1)—Charge, not excepted to, not basis for reversal.**

    A judgment is not reversible because the charge was not more specific, where it was not excepted to, and no further instructions on the subject were requested.

3. **Criminal law ⬤�longdash693—Objection to evidence secured through search should be made by motion before trial.**

    Objection to admission of evidence as having been obtained through an unlawful search and seizure is properly overruled, where defendant had opportunity to make the objection by timely motion to suppress before the trial.

4. **Criminal law ⬤�longdash394—Evidence procured through unlawful search by state officers not inadmissible in federal court.**

    That evidence was secured through an unlawful search by state officers is not ground for its exclusion in a federal court.

In Error to the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Criminal prosecution by the United States against David Landwirth. Judgment of conviction, and defendant brings error. Affirmed.

⬤�longdashFor other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Kraemer & Siegler, of Newark, N. J., for plaintiff in error.

Walter G. Winne, U. S. Atty., of Hackensack, N. J., and Walter D. Van Riper, Asst. U. S. Atty., of Newark, N. J.

Before WOOLLEY and DAVIS, Circuit Judges, and GIBSON, District Judge.

GIBSON, District Judge. The plaintiff in error was convicted upon a criminal information alleging violations of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). The record fails to disclose the entry of a plea, but no assignment of error is based upon this imperfection.

[1] Upon argument counsel for the plaintiff in error contended that the second and third counts of the indictment, upon which the verdict had been rendered, were insufficient as pleadings. The criticism that each count is lacking in desirable particularity of averment is possibly not entirely without foundation; but that criticism is without weight when urged, as in the instant case, for the first time in this court. An examination of the indictment discloses that each offense is charged in substantially the language of the statute creating it. The bill is plainly not so deficient as to be insufficient to sustain the judgment, and therefore neither demands nor requires consideration by this court.

[2] In his written argument, counsel for appellant urges that the court's charge was insufficient, in so far as the third count was concerned, as there was no information given the jury as to what was necessary to constitute a nuisance under the charge. No exception whatsoever was taken to the charge, nor does any assignment of error relate to the failure of the court to properly define the offense. In what are termed "further assignments of error," some three entirely proper instructions are assigned as errors. Attached to the third of these "further assignments" is an indefinite allegation of error on the part of the court in his charge concerning the third count.

The charge, possibly, might well have been more specific, but, in the absence of requests or exceptions, should not be made the basis for reversal. The record shows no definite request that the jury be instructed that the evidence was insufficient to sustain the charge and that the verdict should be not guilty. But, if we assume the motion of counsel to be sufficient in this respect, it was properly refused. The evidence shows the defendant in possession of a barroom, which had his name painted over the front door; that two barrels of mash and a considerable quantity of whisky, wine, and beer were found upon the premises; and that defendant, while the officers were searching the place, emptied into the sink a pitcher of whisky which was on the premises. From this evidence the jury might properly find that the defendant possessed intoxicating liquor unlawfully, and maintained a place in which liquor was kept for purposes of sale.

[3, 4] The remaining assignments, and the only assignments properly before the court by exception duly taken, relate to the admission, over defendant's objection, of the testimony of certain police officers of West Orange, in the state of New Jersey. The evidence of these

officers was objected to, in the absence of evidence tending to establish their right to search the premises. Objection was also made to the introduction in evidence of the whisky, etc., seized upon the search. The court overruled such objections, on the ground that the defendant should have sought the suppression of the evidence by timely petition prior to the trial. In this there was no error. Weeks v. U. S., 232 U. S. 383, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177. The exception to this rule is found where defendant has only learned that the search was illegal at or immediately before the trial, and there has been no opportunity to file a petition for the return of the articles seized. Gouled v. U. S., 255 U. S. 298, 41 Sup. Ct. 261, 65 L. Ed. 647. It must not be forgotten that the officers who made the search and seizure were state officers and not officers of the United States. The Fourth and Fifth Amendments were designed to protect citizens from acts of oppression on the part of officers' of the United States. Even though the record disclosed an illegal search on the part of state officers—which it does not—their evidence, and evidence procured by them might have been received. Weeks v. U. S., supra, at page 398 (34 Sup. Ct. 341).

While the record is not beyond criticism, no error has been assigned which calls for a reversal of the judgment.

The judgment is affirmed.