## HARKLINE v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. March 9, 1925.)

No. 6639.

1. **Criminal law ⬅︎1092(13)—In absence of properly authenticated bill of exceptions, rulings on evidence and motion for directed verdict not reviewable.**

Where proposed bill of exceptions not authenticated by signature of trial judge, rulings on evidence and motion for directed verdict cannot be reviewed.

2. **Criminal law ⬅︎693—Motion to suppress evidence must be timely made, and will not ordinarily be considered when first urged during trial.**

Motion to suppress evidence on ground that it was obtained by unlawful search and seizure must be timely made, and will not ordinarily be considered when first urged during course of trial, except where defendant had no knowledge of unlawful search and seizure prior to trial.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

A. L. Harkline was convicted of possessing intoxicating liquor in Indian country, and he brings error. Affirmed.

H. J. Mackey, of Oklahoma City, Okl., for plaintiff in error.

W. A. Maurer, U. S. Atty., and James A. Ingraham, Asst. U. S. Atty., both of Oklahoma City, Okl.

Before SANBORN, Circuit Judge, and TRIEBER and PHILLIPS, District Judges.

PHILLIPS, District Judge. A. L. Harkline, hereinafter called defendant, was

charged by indictment with the unlawful possession of intoxicating liquor, to wit, whisky, in and upon Indian country. He was tried, found guilty and sentenced. The proceedings at the trial were not reported. After a writ of error to this court had been allowed, the attorney for defendant prepared and filed a proposed bill of exceptions, and the United States attorney and the attorney for the defendant entered into and filed a written stipulation to the effect that such proposed bill of exceptions should constitute the bill of exceptions in the cause. The proposed bill of exceptions was then tendered to the trial court for approval. Whereupon the trial court entered the following order: ,

"On this 18th day of March, 1924, the said defendant presents a proposed bill of exceptions herein for allowance and settlement. It is thereupon—

"Ordered, that the same be and it is hereby refused on the ground that the cause was tried to a jury on the 21st day of January, 1924, and was not reported by a stenographer, and by reason of having tried many later cases the testimony and trial proceedings herein are not within the recollection of the court. To which action the defendant excepts."

The facts as shown by the proposed bill of exceptions are these:

A. A. Graves, chief of police, of Shidler, Osage county, Okl., received a report from an employee of the Kidd Lumber Company at Shidler that some one was stealing lumber. Graves, accompanied by Frank Moore and R. W. Dunham, a deputy special officer in the Indian service, went to the lumber yard. After discussing the report with the lumber company employee, they drove about town in an automobile looking for the alleged lumber thieves, but failed to find them, and came back a second time to the lumber yard. In a few minutes an automobile driven by the defendant and occupied by defendant and two other men appeared. The lumber company employee stated to Graves, "They are the parties." Graves, Dunham and Moore proceeded to the automobile of the defendant, noticed that the occupants were under the influence of liquor, ordered them out, searched the automobile, and found therein a half pint of whisky.

At the close of the testimony of the first witness for the government, it having appeared from his cross-examination that none of the officers were in possession of a search warrant, counsel for the defendant offered the following objection:

"The defense demurs to the evidence offered by the government, on the grounds that the same is incompetent, irrelevant and immaterial, having been obtained by an illegal search and seizure."

This was overruled.

At the close of the government's case in chief, the defendant moved for a directed verdict, and the same was overruled.

[1] The proposed bill of exceptions not having been authenticated by the signature of the trial judge, the rulings upon the admission of evidence and the motion for a directed verdict cannot be reviewed here.

In the case of Chicago Great Western R. Co. v. Le Valley (C. C. A. 8) 233 F. 384, this court, at page 387, 147 C. C. A. 320, 323, said:

"It is a familiar and an established rule of practice of the federal courts that in actions at law a bill of exceptions, stating the ruling and the exception, settled and signed by the trial judge, is indispensable to the review of rulings upon motions, oral or written, to strike out parts of pleadings, rulings upon motions based on affidavits or evidence and rulings on written or oral requests for instructions to the jury founded upon evidence."

See, also, Panchet v. Bujac (C. C. A. 8) 281 F. 962, 966.

[2] But, if the rulings of the trial court urged as error could be considered, the result would be the same. The only point presented in the brief of counsel for defendant is that the evidence was obtained by the officers through an unlawful search and seizure, and was therefore inadmissible. The defendant had knowledge of the facts long prior to the trial and made no motion to suppress the evidence. Such objection must be seasonably made, and ordinarily will not be considered when first urged during the progress of the trial, except in cases where the defendant has no knowledge of the unlawful search and seizure prior to the trial. Weeks v. U. S., 232 U. S. 383, 395, 34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177; Winkle v. U. S. (C. C. A. 8) 291 F. 493, 496; Tucker v. U. S. (C. C. A. 7) 299 F. 235; Landwirth v. U. S. (C. C. A. 3) 299 F. 281; MacDaniel v. U. S. (C. C. A. 6) 294 F. 769, cert. denied 264 U. S. 593, 44 S. Ct. 453, 68 L. Ed. 866.

The judgment is therefore affirmed.