## BAKER v. UNITED STATES.

(Circuit Court of Appeals. Ninth Circuit. April 6, 1925.)

No. 4406.

**1. Searches and seizures ⊂⇒3—Description in warrant of premises to be searched held sufficient.**

Description in warrant of premises to be searched as "Ship Hotel," giving lot and block in town site "on the south side of Fourth avenue, between C and D streets," in named city, and "particularly, in the second room towards the back of said building from the lobby, or the card room of the said hotel," *held* sufficient.

**2. Intoxicating liquors ⊂⇒249—Warrant, in connection with affidavit of federal prohibition agent, held to show finding of probable cause.**

Search warrant, reciting that information had been laid by federal prohibition agent that accused had possession of intoxicating liquor on his premises for purpose of sale, in violation of Alaska Dry Law (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3643b–3643r) and National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), in connection with agent's affidavit that he had purchased whisky on premises, *held* to show finding of probable cause.

In Error to the District Court of the United States for the Third Division of the Territory of Alaska; E. E. Ritchie, Judge.

George Baker was convicted of unlawful possession of intoxicating liquor in violation of the Alaska Dry Law, and he brings error. Affirmed.

L. V. Ray of Seward, Alaska, and Leander L. James, Jr., and C. A. S. Frost, both of San Francisco, Cal., for plaintiff in error.

Sherman Duggan, U. S. Atty., of Anchorage, Alaska, Harry G. McCain, Asst. U. S. Atty., of Cordova, Alaska, and Sterling Carr, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. Baker was convicted of the unlawful possession of intoxicating liquor under the Alaska Dry Law.

Act of Congress approved February 14, 1917, 39 Stat. 903 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3643b–3643r).

[1] Plaintiff in error contends that the search warrant is defective in not sufficiently describing the premises to be searched. A mere statement of the description completely answers the argument. Omitting formal matters, the warrant directed the United States marshal or any deputy to search the premises described in the warrant, and all structures and appurtenances thereto, and to take into his custody, to be disposed of according to law, all intoxicating liquor found. The premises described are "* * * in the Ship Hotel, located on lot five (5) of, block forty-four (44) of Anchorage townsite, on the south side of Fourth avenue, between C and D streets, of the city of Anchorage, Alaska, and particularly in the second room towards the back of said building from the lobby, or the card room, of the said hotel."

[2] The next error assigned is that there is nothing in the record showing that the warrant was issued upon a finding of probable cause, after examination of the complainant or his witnesses before the commissioner. The contention is without merit. The warrant issued by the commissioner, after distinctly setting forth that information had been laid before him by Flanigan, a federal prohibition agent, that defendant Baker had intoxicating liquor in his possession in the premises for which the search warrant was issued, continued in these words: "* * * And it appearing from the affidavit of the said D. W. Flanigan that said intoxicating liquor is now being kept by the said George Baker in said premises for the purposes of sale, and in violation of the provisions of the Alaska Dry Law and the National Prohibition Act [Comp. St. Ann. Supp. 1923, § 10138¼ et seq.], and that said George Baker is now engaged in said premises in selling intoxicating liquor in violation of law, you are therefore hereby commanded," etc.

In the affidavit referred to the prohibition agent set forth that "in the second room toward the back of the Ship Hotel from the lobby or card room of said hotel," at a certain time, he purchased whisky, called "white mule," from Baker; that the Ship Hotel is situate upon the lot and within the block particularly described, in the city of Anchorage; that the liquor was kept in the premises in bottles and pitchers and other containers. Manifestly, the warrant appears

on its face to be based upon the satisfaction of the commissioner that grounds for the application existed and that there was probable cause to believe their existence. Tucker v. United States (C. C. A.) 299 F. 235.

None of the errors assigned being well founded, the judgment is affirmed.