## SAMSON et al. v. UNITED STATES.

Circuit Court of Appeals, First Circuit.
June 13, 1928.

No. 2221.

1. Criminal law ⬥⟿693—Motion to suppress evidence, made immediately after jury was sworn, was not too late.

Motion to suppress evidence obtained by search and seizure was not made too late, even though made immediately after jury was sworn.

2. Criminal law ⬥⟿395—Movant to suppress evidence seized has burden of establishing essential facts.

Defendants, filing motion to suppress evidence obtained by search and seizure, have burden of establishing facts essential to granting of their motion, including showing that building searched was occupied as a dwelling and that property seized was theirs.

3. Criminal law ⬥⟿693—Trial court has discretion as to whether it would permit filing of amended motion to suppress evidence after near completion of government's case.

Where application to file amended motion to suppress evidence obtained by search and seizure was made after completion of government's evidence, with exception of a small part of testimony given by last witness, it was discretionary with trial court whether it would then permit amended motion to be filed.

4. Criminal law ⬥⟿693—Denial of amended motion to suppress evidence after government's case was practically completed held not error.

Denial of amended motion to suppress evidence obtained by search and seizure held properly denied, as too late, when presented at time government's case was practically completed, particularly where record failed to show defendants presented evidence in support of motion at any time.

5. Arrest ⬥⟿71—Entry of federal officers observing still in operation, and arrest of persons on premises, together with incidental search and seizure, held lawful.

Where federal officers entered building without a warrant, after observing a still in operation, entry and arrest of persons on premises for commission of a crime in presence of officers was lawful, and incidental search and seizure were also lawful.

6. Criminal law ⬥⟿395—Still and liquor, seized by federal officers observing still in operation, held admissible as evidence.

Still and liquor seized by federal officers, entering building without a warrant after observing still in operation in building, held properly received in evidence.

7. Criminal law ⬥⟿1172(7)—Instruction forbidding conviction unless finding building wherein still was found was not used as dwelling held not prejudicial.

Instruction in proceeding for having possession and custody of unregistered still, carrying on business of distillery without bond, and working in distillery not bearing a sign, forbidding jury to find defendants guilty unless they

26 F.(2d)—49

found building was not used as dwelling held not prejudicial, as being in defendants' interest and according them a privilege to which they apparently were not entitled.

In Error to the District Court of the United States for the District of Rhode Island; Ira Lloyd Letts, Judge.

Harry Samson, alias, and others were convicted for possession of an unregistered still, carrying on business of distillery without bond, and with working in distillery not bearing a sign, and Antonio Di Iorio was convicted for having possession and custody of unregistered still and carrying on business of distillery without bond, and they bring error. Affirmed.

This is an indictment in three counts charging the defendants, in the first count, with having in their possession and custody an unregistered still; in the second, with carrying on the business of a distillery, without having given bond; and, in the third, with working in a distillery not bearing a sign. There was a trial by jury, and Samson, Robrish, and Joseph Di Iorio were found guilty on all the counts, and Antonio Di Iorio on counts 1 and 2. Each defendant was sentenced to pay a fine and to imprisonment in the Providence county jail on each count, the terms of imprisonment to run concurrently. Immediately before the case was called for trial and the jury sworn, the defendants Samson and Robrish filed a motion to suppress the introduction of certain articles in evidence, obtained upon a search and seizure, consisting of a 1,000-gallon still, 31 5-gallon cans of distilled spirits, one electric motor, one funnel, 90 feet of rubber hose, and 100 feet of iron steam and water pipe. After hearing, the motion was denied.

Upon completion of the government's evidence, with the exception of a portion of the testimony given by its last witness, the defendants Samson and Robrish asked leave to file an amended motion to suppress the evidence. The court declined to allow this motion to be filed. No evidence was offered by the defendants at the trial, and none, so far as the record discloses, at the hearing on either motion to suppress.

Essex S. Abbott, of Boston, Mass. (Leo A. Rogers, Joseph V. Carroll, and Abbott & Carroll, all of Boston, Mass., and Thomas J. McGauley, of Providence, R. I., on the brief), for plaintiffs in error.

Joseph E. Fitzpatrick, Asst. U. S. Atty., of Providence, R. I., and John S. Murdock, U. S. Atty., of Providence, R. I.

Before BINGHAM and JOHNSON, Circuit Judges, and BREWSTER, District Judge.

BINGHAM, Circuit Judge (after stating the facts as above). [1, 2] The original motion to suppress the evidence obtained by the search and seizure was not made too late, even if, as the government contends, it was made immediately after the jury was sworn. Amos v. United States, 255 U. S. 313, 41 S. Ct. 266, 65 L. Ed. 654. But, according to the record, this motion was made and heard before the case was called for trial and before the jury was sworn. It was made by the defendants Samson and Robrish, not by the other defendants, and did not allege that the property seized, the suppression of which as evidence was requested, was their property. This in itself would seem to be sufficient ground for the denial of the motion. Klein v. United States (C. C. A.) 14 F.(2d) 35, 36; Nunes v. United States (C. C. A.) 23 F.(2d) 905. But, if any evidence was introduced by either party at the hearing on the motion, it is not in the record, and, if it consisted of nothing more than that submitted by the government at the trial, it failed to show that the building searched was occupied by these defendants as a dwelling or that the property seized was theirs. The burden was on the defendants to establish the facts essential to the granting of their motion, which the record fails to show that they did.

[3] After completion of the government's evidence, with the exception of a small part of the testimony given by its last witness, the two above-named defendants asked leave to file a motion to suppress the evidence, as an amendment of their original motion. In this they alleged that the building, in which the seizure was had, was occupied by them as their home, and that the property seized was theirs. They were denied leave to file this motion. It was discretionary with the trial court whether it would then permit the amended motion to be filed, and, as it does not appear that its refusal to do so was an abuse of discretion, no question of law is presented for review.

[4] Then, again, if the amended motion be treated as an original one, it was properly denied: First, for the reason that it was presented too late, as at that time the government's case was practically completed and the defendants had known of the seizure for a long time prior to the trial; and, second, for the reason that the record fails to show that the defendants presented any evidence in support of their motion at any time. The evidence of the government does not show that the articles seized were the property of Samson and Robrish, or that they were the owners or lessees of the building. On the contrary, it shows that they were mere employees engaged in operating the still, and that the building where the seizure was made, while originally constructed for a dwelling house, had been enlarged and made into a distillery, and was being used for that purpose.

[5] The entry, search, and seizure were not made under a search warrant. The federal officers, on observing a still in operation in the building, entered without a warrant, and, finding the defendants Samson, Robrish, and Joseph Di Iorio in charge, arrested them and made a search and seizure of the articles constituting the still and the liquor, the suppression of which as evidence is sought. The entry and arrest of these defendants, for the commission of a crime in the presence of the officers, was lawful, and the search and seizure, being incidental to the arrests, were likewise lawful. Agnello v. United States, 269 U. S. 20, 30, 46 S. Ct. 4, 70 L. Ed. 145, 51 A. L. R. 409. The arrests, search, and seizure were comparable to those made at the "home of Alba" in the Agnello Case.

[6] The exhibits, the admission of which is assigned as error, were portions of the still and liquor seized, and, in view of what has been above said, were properly received in evidence.

[7] The defendants were not prejudiced because the trial judge, after having passed upon the competency of the evidence obtained by the search, instructed the jury that they could not find the defendants guilty, unless they found that the building was not used as a dwelling. This instruction was in their interest, and accorded them a privilege to which they apparently were not entitled.

We find no error in the other assignments.

The judgment of the District Court is affirmed.