## DAY v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit. February 20, 1929.

No. 8198.

a quantity of whisky. At the time of this search three United States prohibition agents were at the farm. The appellant contends that the evidence shows that the prohibition agents were co-operating with the deputy sheriffs and participated in the search, and that the search and seizure was an unreasonable one, and was in violation of the Fourth Amendment to the United States Constitution. The United States contends that the prohibition agents were present at the time, making an arrest of the defendant under a warrant, and that they did not co-operate with the deputy sheriffs in the search or seizure.

The indictment was returned about six months after the search was made, and the appellant pleaded not guilty thereto about four months before the trial. The defendant knew of the search and seizure at the time that they occurred. There was no application before the trial to suppress testimony as to the result of the search. The deputy sheriffs testified without any objection being made upon the ground of a violation of the fourth amendment, but at the close of all the testimony in the case a motion was made to exclude this testimony from the consideration of the jury, because the search was illegally made, and error is assigned because of the overruling of this motion. In the case of Segurola v. United States, 275 U. S. 106, 111, 48 S. Ct. 77, 79 (72 L. Ed. 186), the rule applicable to objections of this nature was stated as follows:

"Moreover, the principle laid down by this court in Adams v. New York, 192 U. S. 585 [24 S. Ct. 372, 48 L. Ed. 575], and recognized as proper in Weeks v. United States, 232 U. S. 383, 395 [34 S. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177], and in Marron v. United States, post [275 U. S.] 192 [48 S. Ct. 74, 72 L. Ed. 231], applies to render unavailing, under the circumstances of this case, the objection to the use of the liquor as evidence based on the Fourth Amendment. This principle is that, except where there has been no opportunity to present the matter in advance of trial, Gouled v. United States, 255 U. S. 298, 305 [41 S. Ct. 261, 65 L. Ed. 647]; Amos v. United States, 255 U. S. 313, 316 [41 S. Ct. 266, 65 L. Ed. 654]; Agnello v. United States, 269 U. S. 20, 34 [46 S. Ct. 4, 70 L. Ed. 145, 51 A. L. R. 409], a court, when engaged in trying a criminal case, will not take notice of the manner in which witnesses have possessed themselves of papers or other articles of personal property, which are material and properly offered in evidence, because

Pratt P. Bacon, of Texarkana, Ark., for appellant.

W. N. Ivie, Asst. U. S. Atty., of Ft. Smith, Ark. (S. S. Langley, U. S. Atty., of Ft. Smith, Ark., on the brief), for the United States.

Before VAN VALKENBURGH and BOOTH, Circuit Judges, and MUNGER, District Judge.

MUNGER, District Judge. Appellant was convicted of carrying on the business of a wholesale liquor dealer, and of carrying on the business of a retail liquor dealer, in violation of section 3281 of the Revised Statutes (26 USCA § 193), and of concealing and aiding in concealing distilled spirits, in violation of section 3296 of the Revised Statutes (26 USCA § 404).

At the trial testimony was given by two deputy sheriffs to the effect that they had a search warrant issued from a state court and under it they had made a search of a smokehouse, situated about 15 feet from the appellant's residence upon a farm, and had found

the court will not in trying a criminal cause permit a collateral issue to be raised as to the source of competent evidence. To pursue it would be to halt in the orderly progress of a cause and consider incidentally a question which has happened to cross the path of such litigation and which is wholly independent of it. In other words, in order to raise the question of illegal seizure, and an absence of probable cause in that seizure, the defendants should have moved to have the whisky and other liquor returned to them as their property and as not subject to seizure or use as evidence. To preserve their rights under the Fourth Amendment, they must at least have seasonably objected to the production of the liquor in court. This they did not do, but waited until the liquor had been offered and admitted and then for the first time raised the question of legality of seizure and probable cause as a ground for withdrawing the liquor from consideration of the jury. This was too late."

In applying this principle, it has been held that a petition for the return of property unlawfully seized, Amos v. United States, 255 U. S. 313, 314, 316, 41 S. Ct. 266, 65 L. Ed. 654, or a motion to suppress the evidence resulting from such seizure, Samson v. United States (C. C. A.) 26 F.(2d) 769, 770, is made in time, if it is made immediately after the jury are sworn, but the rule has been settled by many decisions, that where the defendant knows of the unlawful seizure, and has had the opportunity to present the question in advance of the trial, an objection to the use of the articles seized, or to testimony relating to the search and seizure, upon the grounds of a violation of the Fourth Amendment, is too late, if it is made after the testimony has begun, Adams v. New York, 192 U. S. 585, 594, 24 S. Ct. 372, 48 L. Ed. 575; Winkle v. United States (C. C. A.) 291 F. 493, 496; Harkline v. United States (C. C. A.) 4 F.(2d) 526, 527; Rossini v. United States (C. C. A.) 6 F.(2d) 350, 352, 353; Rosenberg v. United States (C. C. A.) 15 F.(2d) 179, 180; MacDaniel v. United States (C. C. A.) 294 F. 769, 773; Nunes v. United States (C. C. A.) 23 F.(2d) 905, 906; Samson v. United States (C. C. A.) 26 F. (2d) 769, 770; Souza v. United States (C. C. A.) 5 F.(2d) 9, 10; Armstrong v. United States (C. C. A.) 16 F.(2d) 62, 64; Tucker v. United States (C. C. A.) 299 F. 235, 237; Landwirth v. United States (C. C. A.) 299 F. 281, 282; Wiggins v. United States (C. C. A.) 272 F. 41, 44. As the objection in this case was not made until the testimony had all been given, there was no error in overruling it.

The court gave a proper definition of a wholesale liquor dealer in the language of the statute (section 3244, Revised Statutes [26 USCA § 205]), and instructed the jury on the subject of carrying on the business as charged in the first and second counts. The evidence in support of these counts is conceded to be sufficient, if the deputy sheriffs' evidence, to which reference has been made, is considered, but error is assigned because of the refusal of a tendered instruction requiring the jury to find that the defendant had the ability and willingness to makes sales of liquor in quantities exceeding five gallons, whenever appropriate conditions might arise, before they could find him guilty of being a wholesale liquor dealer. There was no error in the refusal because the court instructed the jury as to all the essential elements of the offense charged in the indictment. The jury were told that in order to convict the defendant under this count, they must find that he was engaged in the business of a wholesale liquor dealer, making it one of his businesses, so that he was engaged in that particular line of occupation, holding himself out as willing and able to sell under the circumstances shown in the evidence. This portion of the instructions fully covered the request made, and was at least as favorable to the defendant, as was the particular instruction requested.

The offense charged against the defendant in the fourth count of the indictment, of concealing distilled spirits, arose under the provisions of section 3296, Revised Statutes (26 USCA § 404), which reads as follows:

"Whenever any person removes, or aids or abets in the removal of any distilled spirits on which the tax has not been paid, to a place other than the bonded warehouse provided by law, or conceals or aids in the concealment of any spirits so removed, or removes, or aids or abets in the removal of any distilled spirits from any distillery warehouse, or other warehouse for distilled spirits authorized by law, in any manner other than is provided by law, or conceals or aids in the concealment of any spirits so removed he shall be liable to a penalty of double the tax imposed on such distilled spirits so removed or concealed, and shall be fined not less than $200 nor more than $5,000, and imprisoned not less than three months nor more than three years."

The defendant assigns error in the refusal of an instruction that told the jury that after distilled spirits on which the tax had not been paid, had once been removed from a distillery, a person concealing the spirits could not be guilty under this section of the

statutes, unless he was a party to the first removal from the distillery or knew of that removal.

Under the latter portion of section 3296, Revised Statutes, it is an offense to remove distilled spirits from a distillery warehouse or to conceal the spirits so removed, but the first portion of the section makes it an offense either to remove distilled spirits (on which the tax is unpaid) to any place other than to a lawful distillery warehouse, or to conceal the spirits so removed. There is a tax upon distilled spirits, even if illicitly made, which attaches as soon as the article comes into existence, and is a first lien thereon. United States v. One Ford Coupé, 272 U. S. 321, 326, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025. Any removal of the distilled spirits, whether it be the first removal from the distillery, or a subsequent one, may operate to defraud the United States of its revenue. In the case last cited, a similar contention was made as to the meaning of section 3450 of the Revised Statutes (26 USCA §§ 1181, 1182) imposing a penalty for the removal or concealment of goods on which the tax had not been paid and was answered as follows:

"The claimant contends that a proceeding under section 3450 will not lie to forfeit a vehicle, unless it was being used to remove the tax-unpaid article from the place where the tax was required by law to be paid, that is, the place of manufacture or of importation, or a bonded warehouse. This narrow meaning of the word 'remove' is urged upon us, as contrasted with the broad term 'transport' employed in section 26. We have no occasion to determine the exact scope, in this connection, of the term 'remove.' The libel makes no reference to removal. It charges only that the automobile was being used to deposit or conceal.

"Under section 3450, it is not essential that the offender must have been either the manufacturer or importer of the liquor or a person directly associated with him. The government may look for payment also to the liquor itself and to whoever has possession of it. Nor does the language of section 3450, or its history, indicate that Congress intended to limit the proceeding under that section to cases where the vehicle was used for deposit or concealment as part of the illegal act of removal, or to make it applicable only where the article concealed had been unlawfully removed from the place where the tax should have been paid. If the intent to defraud the United States of the tax is established by any competent evidence, a use of the vehicle for the purpose of concealment satisfies the requirement of section 3450, even if it appears that the offender obtained it, not from a distillery, bonded warehouse or importer, but from a stranger."

We conclude that the purpose of section 3296 of the Revised Statutes as applied to the facts in this case, is to penalize any willful concealment of such spirits so removed whether or not the person making such removal or concealment knew of the original removal from the distillery, and that there was no error in refusing the instruction asked.

The judgment will be affirmed.

VAN VALKENBURGH, Circuit Judge (concurring). I concur fully in the foregoing opinion, and would add that, so far as disclosed by the record, the federal agents took no part in the search conducted by the state officers. They were there for the purpose of executing a personal warrant based upon sales theretofore made. In Byars v. United States, 273 U. S. 28, 32, 33, 47 S. Ct. 248, 249, 250 (71 L. Ed. 520), it is said: "the mere participation in a state search of one who is a federal officer does not render it a federal undertaking," and "we do not question the right of the federal government to avail itself of evidence improperly seized by state officers operating entirely upon their own account." Here there was neither participation nor co-operation in the search, and I think the application to suppress testimony as to the result of the search should have been denied, even though timely made.