**DAVIS v. UNITED STATES.**

No. 1224.

Circuit Court of Appeals, Tenth Circuit.

June 25, 1935.

A. M. Pearson, of Denison, Tex. (Chal S. Wheeler, on the brief), for appellant.

Earl Pruet, Asst. U. S. Atty., of Muskogee, Okl. (Cleon A. Summers, U. S. Atty., of Muskogee, Okl., on the brief), for the United States.

Before LEWIS, PHILLIPS, and McDERMOTT, Circuit Judges.

PER CURIAM.

Appellant was indicted for possessing distilled spirits upon which no tax had been paid as required by title 2 of the Act of January 11, 1934 (26 USCA § 267 et seq.); and, in the second count, for concealing distilled spirits which had been removed from a distillery without a tax being paid thereon, contrary to 26 USCA § 404.

1. Error is assigned upon the trial court's denial of a motion for an instructed verdict; it is urged that the identification of appellant was insubstantial. An officer testified, "I feel sure that this is the man who was in the car." Another witness who saw and talked with appellant not only identified him, but picked him out in a crowded courtroom. That these witnesses, on cross-examination, were candid enough to admit the possibility of error does not destroy their testimony. Appellant did not avail himself of the opportunity to deny their testimony.

2. Hypercritical objections are now lodged against the charge of the court. But the time to object to the charge is before the jury retires, while there is opportunity to correct the error. But there was no error. The trial judge, carefully leaving to the jury the decision on the facts, summarized the testimony. Appellant offered no testimony, and complaint cannot now be made because nonexisting evidence was not summarized. The claim that the court is bound to mention each question asked on cross-examination is as novel as it is unsound.

3. The conviction on count 2 is challenged because there was no proof that appellant aided in removing the spirits from the distillery. The statute, 26 USCA § 404, is in the disjunctive, "Whenever any person removes * * * or conceals or aids in the concealment of any spirits so removed. * * *" The Eighth Circuit Court of Appeals, before the creation of this circuit, held squarely that complicity in or knowledge of the original removal was not essential to a conviction under the charge of concealing spirits so removed. Day v. United States (C. C. A.) 31 F.(2d) 71.

The judgment is affirmed, and the mandate will issue forthwith.