## UNITED STATES v. ALABAMA HIGHWAY EXPRESS, Inc.

### No. 11010.

District Court, N. D. Alabama, S. D.
Aug. 28, 1942.

Jim C. Smith, U. S. Atty., of Birmingham, Ala., for plaintiff.

Leo H. Pou, of Atlanta, Ga., for Interstate Commerce Commission.

Leo P. Kitchen, of Jacksonville, Fla., and D. H. Markstein, Jr., and Logan & James, all of Birmingham, Ala., for defendant.

MURPHREE, District Judge.

This is a criminal case brought by an information, consisting of forty-three counts, for several violations of the Motor Carrier Act. 49 U.S.C.A. § 301 et seq.

### Demurrer.

A demurrer to each count has been filed, the objections being, in the main, that insufficient allegations are made to accuse the defendant of every element of the several crimes. On these questions of pleading, which are not matters of general interest, suffice it to say that, with one exception, the allegations are sufficient, especially when considered in conjunction with the published regulations of the Interstate Commerce Commission. The demurrer will be overruled as to each count except count 25. As to count 25, it will be sustained because this last mentioned count charges the defendant with failure to show the weight of a shipment of chicken coops on the freight bill issued therefor, and the law and regulations do not appear to require the recording of the weight of such cargo, if the units, volume or measurement is shown, and there is no allegation made that the units, volume or measurement was not shown on the freight bill issued for the shipment of chicken coops in question.

### Motion for Bill of Particulars.

This case does not appear to be one in which any unreasonable hardship is worked upon defendant because of its lack of knowledge of greater details of the charges against it than are contained in the information. All of the charges concern matters which are or should be matters of record in defendant's own documents or matters peculiarly within the defendant's knowledge. The motion for a bill of particulars will, therefore, be overruled.

### Motion for Suppression of Evidence.

Probably the issue of widest interest presented in this case is the motion of the defendant to suppress certain evidence obtained by the United States.

The evidence in question is alleged, in the motion, to be that "obtained by virtue of the unlawful and unreasonable search of all accounts, records, books, memoranda, correspondence and other documents by Hugh R. Williams and Wm. H. Young, Special Agents of the Interstate Commerce Commission, between the 1st and 20th days of June, 1941".

The motion, in brief, charges that the alleged search was without order of the Interstate Commerce Commission (hereafter called simply Commission), without informing defendant of such order if there was such an order, that it was made over defendant's objection, that if made under the Commission's general order of October 5, 1939, said general order was so broad as to violate the Fourth and Fifth Amendments to the Constitution, that the search was itself so broad in scope as to be violative of the same constitutional amendments, and that certain records, etc., searched concerned only the activities of defendant conducted exclusively by virtue of its character as an intrastate carrier.

At the outset the government contends that the motion to suppress evidence is premature; that objection to the evidence should be made if and when it is offered on trial. This contention must be rejected. Not only is a motion to suppress timely if made prior to trial, but an objection to illegally obtained evidence may be waived if not so made prior to trial. Segurola v. United States, 1927, 275 U.S. 106, 111, 112, 48 S.Ct. 77, 72 L.Ed. 186; Taylor v. Hudspeth, 10 Cir., 1940, 113 F.2d 825; Harkline v. United States, 8 Cir., 1925, 4 F.2d 526; Souza v. United States, 9 Cir., 1925, 5 F.2d 9; Rossini v. United States, 8 Cir., 1925, 6 F.2d 350. See Weeks v. United States, 1914, 232 U. S. 383, 34 S.Ct. 341, 58 L.Ed. 652, L.R.A. 1915B, 834, Ann.Cas.1915C, 1177. See Gouled v. United States, 1921, 255 U.S. 298, 41 S.Ct. 261, 65 L.Ed. 647.

It is clear that the evidence here complained of may have been, consistently with the allegations of the motion to suppress, obtained in accordance with the applicable statute. Title 49 U.S.C.A. § 320(d), provides as follows: " * * * The Commission or its duly authorized special agents * * * shall at all times have access to and authority, under its order, * * *

to inspect and copy any and all accounts, books, records, memoranda, correspondence, and other documents of such carriers * * *. Motor carriers * * * shall submit their accounts, books, records, memoranda, correspondence, and other documents for the inspection and copying authorized by this paragraph, * * * to any duly authorized special agent * * * of the Commission upon demand and display of proper credentials."

■ Under this statute the special agents of the Commission referred to in the motion to suppress had full authority to make the inspection and copies complained of, solely upon demand by them and their display of credentials. The motion contains no denial of a demand and a display of credentials. No special order of the Commission was required, under the statute, and if a general order were required, the Commission's general order of October 5, 1939, would be sufficient. This order was published in Federal Register, Volume 4, No. 194, page 4191, on October 7, 1939, and is, by virtue of the Federal Register Act, Title 44 U.S.C.A. § 307, judicially noticed here.

■■ The only important objection remaining to the defendant is that the statute quoted is itself unconstitutional, under the Fourth and Fifth Amendments. It is settled that the protection of the Fifth Amendment may not be invoked by a corporation. Wilson v. United States, 1911, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771, Ann.Cas.1912D, 558.

It may also be that a corporation cannot invoke the protection of the Fourth Amendment. See Essgee Co. v. United States, 1923, 262 U.S. 151, 43 S.Ct. 514, 67 L.Ed. 917.

However, it is unnecessary to decide the latter question in view of our opinion that the statute is constitutional, within the meaning of the Fourth Amendment. The parent provision from which this statute apparently derives is Section 20(5), Title 49 U.S.C.A., applicable to railroads, which latter statute has not been held unconstitutional. The only questionable portion of the statute would be that allowing inspection of "correspondence", without expressly excepting correspondence privileged under the attorney-client privilege. This privilege is a common law rule of evidence not guaranteed by the Constitution; therefore, even if the statute quoted calls for correspondence with attorneys, no cause is seen to condemn it as unconstitutional. However, construing strictly a statute in derogation of common law, we might construe the statute as inferentially excepting privileged communications, if the question of correspondence with attorneys were directly presented. See United States v. Clyde S. S. Co., 2 Cir., 1929, 36 F.2d 691. See United States v. Louisville & N. R. Co., 1915, 236 U.S. 318, 35 S.Ct. 363, 59 L.Ed. 598.

■ Any such privileged communications might be excluded from evidence on trial, or suppressed if the present motion had directed our attention to any such communications actually seized. It is sufficient here simply to state that there is no reason to hold a statute unconstitutional even if it included permission to examine confidential communications, and there is no reason to suppress evidence on the ground that privileged communications could be included therein, absent an allegation that such communications were in fact included. See United States v. Clyde S. S. Co., supra.

■ Our general conclusion that there is nothing illegal or unconstitutional in the procedure of discovery pursued by the Commission, as complained of in the motion to suppress, is necessarily and properly influenced by the fact that motor carriers operating under the franchises provided for in our federal statutes are public utilities. As such, they are subject to the highest degree of accountability to the public, the public being represented by the administrative agency charged with supervision of their business, in this case the Interstate Commerce Commission. This accountability naturally allows the motor carrier less protection and privacy than the ordinary citizen enjoys in his private business. To accord a public utility the same constitutional guarantees of privacy would frustrate the public welfare and tend to minimize the public's interest in the utility: Far from being condemned as unconstitutional, complete inspection by duly authorized agents of the Commission must be expected by motor carriers as part of the price of functioning in the utility field.

An order will be entered denying the defendant's demurrer (except as to count 25) and denying each of the defendant's motions.