Robert H. **BURNHAM**, Defendant, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 5873.

United States Court of Appeals First Circuit.

Heard Dec. 5, 1961.

Decided Dec. 29, 1961.

Melvin Norris and Raymond E. Bernard, with whom Freeman & Norris was on brief, for appellant.

James W. Noonan, Asst. U. S. Atty., Boston, Mass., with whom W. Arthur Garrity, Jr., U. S. Atty., Boston, Mass., and John F. Curley and Bernard A.

Gould, Attys., I. C. C., Washington, D. C., were on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

This is an appeal by a defendant convicted on a fifteen-count information under 49 U.S.C.A. § 322(a) for aiding and abetting a partnership of which he was the managing member in operating as a contract carrier by motor vehicle in interstate commerce without a permit in violation of Title 49, § 309(a). The defendant has a permit for moving goods in interstate commerce, but only within Massachusetts. The basic facts concerning out-of-state operation, and the lack of a further permit, were admitted. The defense was that the operation in question was pursuant to a valid lease of the equipment which caused the shipper to become a private carrier under the Act. The defense centers, however, around two preliminary matters. One is that the ICC representative obtained the documents upon which the claim of violation is based by unlawful search and seizure. The other is a claim, in various forms, that "primary jurisdiction" is. in the ICC. There is nothing in either point.

On February 5, 1960, one Martin, a district supervisor for the ICC, Bureau of Motor Carriers, came to the combined place of business and home of the defendant ·and requested admission. He introduced himself, showing his credentials, and stated that the purpose of his visit was to make a routine compliance survey and a safety survey. He was invited in and offered full access to· the defendant's records. According to the defendant's own testimony, when Martin discovered· the so-called leases and learned that defendant was operating thereunder outside the state he abandoned all other inquiries and concentrated on that subject, telling defendant that in his opinion the lease operation was "illegal." On two subsequent days that month Martin returned. Defendant made no objection and allowed him to take the pertinent documents for copying.

■ The basis of defendant's constitutional complaint is not clear. He testified that an attorney for the shipper had informed him that the leases were "all right," and consequently he did not realize that his cooperation with Martin might lead to his present difficulties. Seemingly, he thinks Martin should have disabused him more fully. There was no such duty, at least where there was no misleading by the agent. United States v. Sclafani, 2 Cir., 1959, 265 F.2d 408, 414–415, cert. den. 360 U.S. 918, 79 S.Ct. 1436, 3 L.Ed.2d 1534; cf. Chieftain Pontiac Corp. v. Julian, 1 Cir., 1954, 209 F.2d 657. He also testified that it was his belief that Martin was entitled to the information furnished. This belief was, of course entirely correct. 49 U.S.C.A. § 320(d); United States v. Alabama Highway Express, D.C.N.D. Ala.1942, 46 F.Supp. 450.[1] There was no violation of defendant's constitutional rights.

■ It is true that under a doctrine sometimes miscalled "primary jurisdiction" it is occasionally appropriate for the court to call first upon the expertise of the administrative agency rather than resolve some specialized question itself. See Far East Conference v. United States, 1952, 342 U.S. 570, 72 S.Ct. 492, 96 L.Ed. 576; 3 Davis, Administrative Law §§ 1901, 1902 (1958). Whatever may be the force of this principle, particularly in criminal cases, cf. United States v. Pacific & Arctic Ry. & Nav. Co., 1913, 228 U.S. 87, 107, 33 S. Ct. 443, 57 L.Ed. 742, it cannot go be·· yond its stated purpose. In the case

1. If a distinction is to be drawn between inspecting and borrowing to copy, the short answer is that the defendant voluntarily permitted the latter. Centrac-chio v. Garrity, 1 Cir., 1952, 198 F.2d 382, cert. den. 344 U.S. 866, 73 S.Ct. 108, 97 L.Ed. 672.

at bar the court needed no instructions from the ICC to conclude that the document under which the partnership was operating was not a lease. The lease, although described as for the term of one year, was per job only, the lessor operating on its own account except when a particular shipment was tendered. The lessor paid all operating expenses, including registration, taxes and insurance (which was in its name alone) and attended to the loading, unloading, driving, departure time and route. The shipper as "lessee," had no possession of the vehicle. All it did was to furnish the goods, state the destination, and pay a fixed charge per freight mile. The court required no advice from the administrative agency to conclude that the defendant was a contract carrier within the plain statutory definition. 49 U.S. C.A. § 303(a) (15).

Affirmed.