UNITED STATES of America
v.
A. M. UHRIK.
Cr. A. No. 23168.

United States District Court
E. D. Pennsylvania.

June 5, 1968.

Drew J. T. O'Keefe, U. S. Atty., Philadelphia, Pa., Arthur F. Bronczyk, Regional Counsel, Interstate Commerce Commission, Philadelphia, Pa., for plaintiff.

Leon H. Kline, Philadelphia, Pa., for defendant.

## MEMORANDUM

DAVIS, District Judge.

The defendant, a common carrier, has moved to dismiss an information verified by an agent of the Interstate Commerce Commission, essentially charging twelve counts of engaging in interstate commerce without possessing a valid certificate of public convenience and necessity, as required by the Interstate Commerce Act, 49 U.S.C. § 306.

The essence of the defendant's initial contention is that the Interstate Commerce Commission's agents examined his books and records without first obtaining a search warrant or comparable court order. It is further contended that the agents involved failed to reveal and warn that they were in the course of a criminal investigation.

The right of a regulatory agency to administratively examine books and records without first obtaining a court order is clearly established. Cooper's Express, Inc. v. I. C. C., 330 F.2d 338 (1st Cir. 1964); Burnham v. United States, 297 F.2d 523 (1st Cir. 1961). The fact that the examination later results in a criminal prosecution for violation of the Act does not render the evidence obtained therefrom, inadmissible or otherwise illegal. Burnham supra; United States v. Mahler, 254 F.Supp. 581 (S.D.N.Y.1966).

The defendant further contends that the entire procedure permitted "administrative" examination of records and

books has been "vitally undermined" by the recent decisions of Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968) and Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968). We do not agree. Both decisions pertained to the effect of requiring a gambler to pay the occupational tax relating to wages thereby subjecting him to subsequent state prosecution. In holding that the requirements for regulation and payment of the occupational tax was violative of the Fifth Amendment privilege against self-incrimination, the Court observed that registration and payment would have had the "direct and unmistakable consequence" of incrimination. Marchetti, supra, 390 U.S. p. 49, 88 S.Ct. 697. In fact, the Court expressly reaffirmed its earlier decision of Shapiro v. United States, 335 U.S. 1, 68 S.Ct. 1375, 92 L.Ed. 1787 (1948) regarding the validity of the "required records" doctrine, upon which the I.C.C. statute here in question was based. *Grosso*, supra, 390 U.S. p. 67–68, 88 S.Ct. p. 713:

> "first the purposes of the United States' inquiry must be essentially regulatory; second, information is to be obtained by requiring the preservation of records of a kind which the regulated party has customarily kept; and third, the records themselves must have assumed 'public aspects' which render them at least analogous to public documents."

There has been no showing by the defendant that the above criteria were not met in every respect.

Finally, the defendant contends that he was not a carrier, as defined in the Interstate Commerce Act. Since he failed to further elaborate on this position, we must conclude that it is without merit. Parenthetically, we observe that the I.C.C. agent brought this information after having determined from an examination of the defendant's records that on numerous occasions, various cargo was transported for compensation from Philadelphia to several locations in New Jersey, New York and Delaware. This would rather conclusively indicate that interstate transportation was conducted as defined by the Act.

### ORDER

And now, this 5th day of June 1968, the defendant's motion to dismiss the information and to suppress evidence is denied.