## HODGE v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. November 6, 1911.)

No. 3,574.

1. INTERNAL REVENUE (§ 47*)—CRIMINAL PROSECUTIONS—INDICTMENT.

An indictment charging that on a given day at a specified place within the jurisdiction of the court the defendant "did willfully, unlawfully, and feloniously carry on the business of a retail liquor dealer without having paid the special tax therefor, as required by law," sufficiently charges the statutory offense.

[Ed. Note.—For other cases, see Internal Revenue, Dec. Dig. § 47.*]

2. CRIMINAL LAW (§ 1129*)—APPEAL AND ERROR—ASSIGNMENTS OF ERROR.

Assignments of error in a criminal case, relating to the admission of evidence stated to be shown on certain pages of the record, where such evidence is not found, and where it is not more specifically pointed out in the brief, are insufficient to require the appellate court to review the alleged errors.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2954-2964; Dec. Dig. § 1129.*]

In Error to the District Court of the United States for the Western District of Oklahoma.

John Hodge was convicted of a criminal offense, and brings error. Affirmed.

W. C. Henderson, for plaintiff in error.

John Embry, U. S. Atty., Isaac D. Taylor and George F. Zimmerman, Asst. U. S. Attys., and W. B. Herod, Sp. Asst. U. S. Atty.

Before ADAMS and SMITH, Circuit Judges, and MARSHALL, District Judge.

ADAMS, Circuit Judge. Hodge was charged with having carried on the business of retail liquor dealer without paying the special tax required by law, was tried, found guilty, and sentenced to pay a fine and be imprisoned for a short period in a county jail. This writ of error seeks a reversal of that judgment on two grounds: First, because the indictment failed to state a criminal offense; and, second, because the court erred in admitting certain evidence over defendant's objections.

[1] The indictment was unquestionably good. It charged, directly and succinctly, that on a given day and at a specified place within the jurisdiction of the trial court, Hodge "did willfully, unlawfully, and feloniously carry on the business of a retail liquor dealer without having paid the special tax therefor, as required by law." It thus stated all the elements of an offense as denounced by the statute.

[2] By reason of the generality of the assignment of errors on admission of testimony and failure to specify those relied on in defendant's brief, we cannot pass upon them. Each and all of the 10 assignments on this subject state that the court erred in admitting certain evidence, alleged to be found on certain pages of the record; but, when those pages are examined, no such evidence is found. More-

over, each of the assignments refer always to one and often to several full pages of evidence, without directing attention to any particular question concerning which the alleged error was committed. In order to pass on these assignments, therefore, the entire record of over 100 pages would require examination to find whether there was any such evidence in fact as is alleged to have been improperly admitted.

Counsel for plaintiff in error have in their brief copied the assignments of error with all their generality and incorrect references to pages in the record where the testimony is said to be found, and have done nothing more. They have conspicuously failed to conform to the rule of our court which requires them to set out separately and particularly each error asserted and intended to be urged.

The judgment must be affirmed.