## SODINI v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. December 12, 1919.)

No. 3280.

INTERNAL REVENUE ⬦47—EVIDENCE OF CARRYING ON BUSINESS OF RETAIL LIQUOR DEALER SUFFICIENT.

To sustain a conviction for carrying on the business of a retail liquor dealer without having first paid the special tax therefor, it is not indispensable that the evidence should show more than a single sale, where supported by surrounding circumstances.

In Error to the District Court of the United States for the Western District of Tennessee; John E. McCall, Judge.

Criminal prosecution by the United States against Fritz Sodini. Judgment of conviction, and defendant brings error. Affirmed.

Chas. M. Bryan, of Memphis, Tenn., for plaintiff in error.
Wm. D. Kyser, U. S. Atty., of Memphis, Tenn.

Before KNAPPEN and DENISON, Circuit Judges, and KILLITS, District Judge.

PER CURIAM. Plaintiff in error was indicted, jointly with one Petty, on a charge of carrying on the business of retail liquor dealer

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

without having paid the special tax required by law. This writ is brought to review the judgment entered upon conviction.

On careful consideration of the record and of the briefs and arguments of counsel, we are of opinion that there was ample testimony to sustain the conviction, and that the motion for directed verdict was thus properly denied. There was substantial testimony tending to show that plaintiff in error, either alone or in association with another, owned a considerable quantity of intoxicating liquor; that he had the liquor on hand at the place of its alleged sale, with the purpose of selling it to such persons as he might conclude to accept as customers; and that plaintiff in error himself participated in the sale which culminated in his arrest. In these circumstances, the rules of law do not imperatively make proof of more than one sale necessary to conviction. Bailey v. United States (C. C. A. 6) 259 Fed. 88, 92, —— C. C. A. ——. There was no error in the rulings upon the trial of which plaintiff in error is entitled to complain. The charge was not excepted to. It was not error to deny motion for new trial. The case does not call for further discussion.

The judgment is affirmed.