UNITED STATES v. PARZAH.

District Court, E. D. Pennsylvania. April 26, 1927.

No. 1756.

1. Intoxicating liquors ⬅➡249—Search warrant for violation of revenue laws cannot be issued to prohibition agent; "internal revenue officers" (National Prohibition Act, tit. 2, §§ 2, 25 [Comp. St. §§ 10138½a, 10138½m]; Comp. St. § 6364).

Prohibition agents are limited in making searches to means provided in National Prohibition Act, tit. 2, § 25 (Comp. St. § 10138½m), exclusively, in view of section 2 (section 10138½a), and they are not "internal revenue officers," within Rev. St. § 3462 (Comp. St. § 6364), relating to searches for violation of revenue laws, and search warrant based on affidavit charging fraud against revenue laws cannot be issued under section 3462, to enforce National Prohibition Act.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Officer.]

2. Intoxicating liquors ⬅➡249—Designation of prohibition agent as internal revenue officer held ineffective to authorize him to swear out and execute warrant for violation of revenue laws (Comp. St. § 6364).

Designation of prohibition agent to act as internal revenue officer held insufficient to confer on him power of internal revenue officer to swear out and execute search warrant, under Rev. St. § 3462 (Comp. St. § 6364), for fraud on revenue laws, in absence of statutory authority authorizing such appointment.

Torfer Parzah was convicted of unlawfully manufacturing whisky, and of possessing apparatus and materials for manufacture of intoxicating liquor. On defendant's motion for a new trial. Motion granted.

George W. Coles, U. S. Atty., of Philadelphia, Pa.

John F. McEvoy, of Philadelphia, Pa., for defendant.

THOMPSON, District Judge. The defendant was convicted upon an indictment charging him in the first count with the manufacture of 60 gallons of whisky and in the second count with the possession of a still, condenser, filters, and 40 barrels of mash, designed and intended for the manufacture of intoxicating liquor.

The principal assignment of error in support of the motion for a new trial is directed to the admission, under objection and exception, of evidence obtained by a prohibition agent upon search of the defendant's premises, a dwelling house, under the authority of an internal revenue search warrant issued in conformity with section 3462, R. S. (Comp. St. § 6364). In the affidavit upon which the search warrant was issued, the deponent stated "that he has reason to believe and does believe that a fraud upon the revenue laws has been and is being committed in respect to the operation of an illicit still upon the premises known as 719 McIlvaine street, Chester, Pennsylvania, in the Eastern district of Pennsylvania."

[1] Section 3462, R. S., does not authorize the issuance of a search warrant under that section to a prohibition agent. Nor is a prohibition agent an internal revenue officer within the meaning of that section. Prohibition agents are limited in making searches to the means provided in section 25, title 2, of the National Prohibition Act (Comp. St. § 10138½m). That conclusion is reinforced

by the provisions of section 2 of title 2 (Comp. St. § 10138½a), which authorizes the Commissioner of Internal Revenue, his assistants, agents, and inspectors, to swear out warrants for the apprehension of offender, and also authorizes the officers mentioned in section 1014, R. S. (Comp. St. § 1674), to issue search warrants under the limitations provided in title 11 of the Act approved June 15, 1917 (Comp. St. §§ 10496¼a-10496¼v).

The search warrant in this case was not issued in accordance with the Act of June 15, 1917, relating to search warrants, and the provisions of section 2 and 25 of title 2 of the National Prohibition Act, being exclusive of other laws relating to search warrants, a search warrant cannot be issued under section 3462 for the enforcement of the National Prohibition Act. United States v. American Brewing Co. (D. C.) 296 F. 772; United States v. Spencer et al. (D. C.) 292 F. 871; United States v. Musgrave (D. C.) 293 F. 203.

[2] In the absence of any statutory authority authorizing the appointment of a prohibition agent with power to act as an internal revenue officer, which was attempted to be done in the case of the prohibition agent who swore out and executed the warrant, I am not convinced that his designation as such is sufficient to confer upon him the power of an internal revenue officer, in the face of the plain intent of the Prohibition Act.

Concluding, therefore, that there was error in admitting the evidence obtained under the search warrant used, a new trial will be granted.