## MUNCH v. UNITED STATES.

Circuit Court of Appeals, Fifth Circuit.
February 16, 1928.

No. 5173.

**1. Post office 48(4⅛)—Indictment alleging mailing of letter in pursuance of medical examiner's scheme to defraud by issuing fictitious licenses held sufficient. (Cr. Code, § 215 [18 USCA § 338]).**

Indictment charging that defendant, as a member of the board of eclectic medical examiners of Florida, created in 1899 (Acts Fla. 1899, c. 4698), repealed by Acts Fla. 1921, c. 8415, devised with others a scheme to defraud, by the issuance to themselves in the name of that board of fictitious licenses to practice medicine and surgery, so that they could represent themselves to the public to be duly qualified physicians and surgeons, and that for the purpose of executing this scheme they placed a letter in the post office of the United States which stated that a codefendant was licensed to practice, *held* to sufficiently charge offense of using mails for purpose of executing a scheme to defraud, in violation of Criminal Code, § 215 (18 USCA § 338).

**2. Post office 48(4⅞)—Indictment alleging letters were mailed within statutory period held not defective for failure to state date when scheme to defraud was devised (Cr. Code, § 215 [18 USCA § 338]).**

Failure of indictment to allege date when scheme for using mails to defraud was devised *held* not fatal defect, where it was made to appear that letters were written and mailed within statutory period in prosecution under Criminal Code, § 215 (18 USCA § 338), inasmuch as the use of the mails for the purpose of executing the scheme and not the scheme itself constitutes the offense.

**3. Post office 48(4)—Indictment which charged mailing of letter advising purchase of fictitious license to practice medicine held insufficient, where addressee was not designated as party to fraudulent scheme (Cr. Code, § 215 [18 USCA § 338]).**

Indictment alleging mailing of letter by medical examiner advising addressee to secure license designated as "stock," price of which was increasing, *held* insufficient, under Criminal Code, § 215 (18 USCA § 338), denouncing use of mails for executing scheme to defraud, where addressee of letter was not made defendant and was not among class of persons alleged in indictment to be those to whom it was intended to issue fictitious licenses to practice medicine.

**4. Searches and seizures 3(8)—Affidavit for search warrant, merely alleging defendant's unlawful use of mails, without stating facts or describing location of property, held insufficient (Cr. Code, §§ 37, 215 [18 USCA §§ 88, 338]; Acts Fla. 1921, c. 8415, repealing Acts 1899, c. 4698; Espionage Act 1917, tit. 11, § 3 [18 USCA § 613]).**

Affidavit for search warrant, which merely stated that defendant had mailed letter in pursuance of alleged scheme to issue fictitious medical licenses in violation of Criminal Code, §§ 37, 215 (18 USCA §§ 88, 338), relative to use of mails in executing scheme to defraud, without describing any place or property to be searched or showing probable cause for issuance of warrant, *held* insufficient to authorize seizure of papers belonging to defendant after he had ceased to be member of board of eclectic medical examiners of Florida on account of Acts Fla. 1921, c. 8415, repealing Acts 1899, c. 4698, which created board; issuance of search warrant not being justified under Espionage Act 1917, tit. 11, § 3 (18 USCA § 613).

In Error to the District Court of the United States for the Southern District of Florida; Lake Jones, Judge.

George A. Munch was convicted of using the mails to defraud, and he brings error. Reversed and remanded.

Herbert S. Phillips, of Tampa, Fla., for plaintiff in error.

Wm. M. Gober, U. S. Atty., of Tampa, Fla., Francis L. Poor, Asst. U. S. Atty., of Jacksonville, Fla. (Horace L. Dyer, Sp. Asst. Atty. Gen., on the brief), for the United States.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. George A. Munch was convicted on two counts of an indictment which charged the use of the mails for the purpose of executing a scheme to defraud, in violation of section 215 of the Criminal Code (18 USCA § 338). The first count alleged that Munch was a member and secretary of the board of eclectic medical examiners of the state of Florida, at the time that board was abolished in the year 1921 by act of the Legislature; that he and a number of other defendants named in the indictment, including one Paul C. Ronning, devised a scheme to defraud, by the issuance to themselves, in the name of that board, of fictitious licenses to practice medicine and surgery, so that they could represent themselves to the public to be duly qualified physicians and surgeons. It was then alleged that, for the purpose of executing the scheme, defendants placed a letter in a post office of the United States. That letter was in reply to an inquiry, and stated that Ronning was licensed by the eclectic board in May, 1914, and again in 1921 to practice medicine. The second count adopted the scheme alleged in the first count and set out a letter which upon its face advised one John M. Treble, to whom it was addressed, to secure "stock," the price of which it was said was increasing. It was alleged that it was a part of the scheme to refer to licenses as stock, but Treble was not named in the indictment

or alleged to be a party to the scheme. There were a number of other counts of similar import, except that each described a different letter, and a final count which charged conspiracy to carry the scheme into effect. The date when the scheme was devised is not alleged, but it is made to appear that the letters were written and mailed within the statutory period of limitations. Before the indictment was found, a search warrant was issued authorizing the search of Munch's offices for license forms, records, and seals of the board of eclectic medical examiners, and also for letters and correspondence purporting to relate to the issuance of licenses by that board. The warrant recited that it was supported by an affidavit of R. A. Ward, a post office inspector; but Ward's affidavit went no further than to state that Munch mailed the letter described in the first count in violation of section 37 (18 USCA § 88) and section 215 of the Criminal Code. That affidavit did not describe any papers or state that the papers described in the search warrant were or were believed to be in the offices or in the possession of Munch. Defendant promptly applied to the district court for the return to him of all papers seized in execution of the search warrant; but his application was denied, and on the trial the court admitted in evidence, over his objection, two sets of papers secured as a result of a search made pursuant to the warrant, each consisting of a verified application for examination for license, and an oath that the applicant was a graduate of the Baltimore Eclectic Medical School, all signed by Ronning, as to whose qualifications and right to practice medicine the letter described in the first count related. One set of these papers bore date as of April, 1915, and the other set as of February, 1921. However, Ronning testified at the trial that he signed the first set the latter part of 1921 or the early part of 1922, and that he did not sign the second set until in 1926. The act creating the board of eclectic medical examiners was adopted in 1899 (Acts 1899, c. 4698), but the Legislature in 1921 repealed that act, and created in its place a composite board of medical examiners with exclusive power to grant licenses to practice medicine and surgery. Chapter 8415, Acts of Legislature, approved June 10, 1921. Munch was never a member of the examining board created by the act of 1921.

There are assignments of error which complain of the overruling of the demurrer to the indictment; of the refusal to rule out (1) the papers taken from defendant under the search warrant, and (2) evidence offered to sustain the second count, including the letter therein described.

[1-4] The principal ground of the demurrer is that it is not alleged that defendant's scheme was to defraud any one, but only to sell fictitious licenses to persons who knew they were not genuine, but who were willing to use them in order to be able to practice medicine in the eclectic school. That contention confuses the offense charged with the evidence, for the indictment alleges the scheme to be to issue licenses to defendants, and that the fraud intended was that they would represent themselves to their patients as duly licensed physicians. It is also insisted that the result of the failure to allege a date at which the scheme was devised is that, for all that appears, the offense charged was barred by the statute of limitations. It is not the scheme to defraud that constitutes the offense, but it is the use of the mails for the purpose of executing such scheme. It is alleged that the letters were mailed within the statutory period. We are of opinion that the first count sufficiently charges an offense under section 215 of the Criminal Code. The letter described in the second count, though innocent on its face, was shown by proper averment to be in furtherance of the scheme to issue a fictitious license; but there could not properly be a conviction on that count, because Treble, to whom the letter therein set out was alleged to have been addressed, not being a defendant, was not among the class of persons alleged in the indictment to be those to whom it was the intention to issue fictitious licenses to practice medicine; so that there was bound to be a variance between the offense charged and the proof. In the event of another trial, the second count should be abandoned, and the evidence limited to proof of the first count as there has been an acquittal upon all the other counts. The search warrant was not supported by the facts stated in the affidavit, and was issued without any semblance of authority. It is provided in the Espionage Act of 1917, in almost the language of the Fourth Amendment, that "a search warrant cannot be issued but upon probable cause, supported by affidavit, naming or describing the person and particularly describing the property and the place to be searched." 40 Stat. 228 (18 USCA § 613). The affidavit did not describe any place or property to be searched, or show probable cause for the issuance of the search warrant. The papers seized belonged to the defendant. They were not the property of the state of Florida, for it was shown by evidence introduced by the government

that they were executed by Ronning and delivered to defendant after the passage of the act of 1921, and after defendant had ceased to be a member of the board of eclectic medical examiners.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.