## KEMPF v. UNITED STATES.

Circuit Court of Appeals, First Circuit.
June 11, 1929.

No. 2311.

John H. Backus and Nelson Edwards, both of Boston, Mass., for appellant.

John V. Spalding, Asst. U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., and Elihu D. Stone, Asst. U. S. Atty., both of Boston, Mass., on the brief), for the United States.

Before BINGHAM, and ANDERSON, Circuit Judges, and MORRIS, District Judge.

BINGHAM, Circuit Judge. The defendant, appellant, was indicted and tried on three counts. In the first it was charged that, on the 9th day of August, 1927, he "did carry on the business of a distiller without having given bond as required by law," in violation of the provisions of section 3281 of the Revised Statutes (26 USCA § 306); in the second that, on the same date, "not being an authorized distiller," he "by distillation did separate certain alcoholic spirits [naming them] from fermented mash," in violation of the provisions of section 3282 of the Revised Statutes (26 USCA § 307). In the remaining count, it was charged that on the same date he "did engage and carry on the business of a distiller with intent to defraud the United States of the tax," in violation of the provisions of said section 3281.

Before trial, he filed a motion to quash a search warrant, issued under section 3462 of the Revised Statutes (26 USCA § 1195), and to suppress the evidence acquired thereunder, assigning various grounds, among others: (1) That section 3462 was unconstitutional, as it did not meet the requirements of the Fourth Amendment of the Constitution; (2) that the facts set forth in the supporting affidavit were insufficient to warrant a finding of probable cause; and (3) that the commissioner was without authority, under section 3462, to order a seizure, as his authority under that section was limited to the issuance of a warrant to search, directed to an internal revenue officer. This motion was denied.

At the trial the evidence procured under the search warrant was admitted, subject to the defendant's exception. The defendant was found guilty on all three counts. On the first he was sentenced to pay a fine of $1,000 and be imprisoned for two years; on the second, to pay a fine of $500 and be imprisoned for two years; and on the fourth, to pay a fine of $1,000 and be imprisoned for two years. All three sentences were to run concurrently.

The affidavit upon which the search warrant was issued was as follows:

"I, J. Walter Bowers, a federal prohibition officer, acting under the authority of and to enforce all internal revenue laws relating to the manufacture, sale, transportation, control and taxation of intoxicating liquors on oath depose and say:

"That on August 9, 1927, while passing in front of a story and one-half building located on the easterly side of Nelson street in the town of West Springfield, Massachusetts, in the district of Massachusetts, which building is bounded on the front by a wire fence and at entrance of driveway leading into said house there appears a sign and on said sign appears the following words: 'No trespassing under penalty of the law, A. Kempf,' and that said building is painted gray, I smelled emanating therefrom the odor of fermenting mash and the odor of distillation of spirits coming from said premises in violation of sections 3281 and 3282 of the Revised Statutes of the United States; that I have been a federal prohibition officer for several years, during which time I have acquired a knowledge of distilleries and am acquainted with the ingredients used for distilling purposes as well as with mash in the process of fermentation. J. Walter Bowers.

"Subscribed and sworn to before me this 11th day of August, 1927. Gurdon W. Gordon, United States Commissioner for the District of Massachusetts."

The search warrant was addressed to "J. Walter Bowers, a Federal Prohibition Officer, or Any Other Federal Prohibition Officer," and read as follows:

"I, Gurdon W. Gordon, United States commissioner within and for the district of Massachusetts, under and by virtue of the authority vested in me by section 3462 of the Revised Statutes of the United States and acts of Congress amendatory thereof,

"Hereby authorize and empower you or either of you, the said J. Walter Bowers having executed an application and affidavit in writing before me, said affidavit containing

facts on the basis of which I find probable cause to believe and do believe that a fraud upon the revenue has been or is being committed in or upon or by the use of certain premises situated in West Springfield, Massachusetts, in district, to wit:

"A story and one-half building located on the easterly side of Nelson street in the town of West Springfield, Massachusetts, said building being a frame building painted gray in the rear of the dwelling. At entrance of driveway to said property appears a sign and the following words are printed or painted thereon: No trespassing under penalty of the law, A. Kempf. The part of this property that faces on said Nelson street is bounded by a wire fence. Said building and outbuildings on this property to be searched.

"To enter into the premises above described and there diligently to search during the daytime only and ascertain if any fraud upon the internal revenue has been or is being committed in or upon or by the use of said premises, and to seize and secure any still or stills or any other apparatus fit and intended to be used for the distillation of spirits, as well as distilled spirits and mash wort or wash for distillation or for the production of spirits or alcohol if any of said goods be found upon the premises aforesaid and to make a return of your doings to the undersigned within ten days from the date hereof and to do and report concerning the same as the law directs.

"You are likewise commanded, in the event you seize or take said goods or any of them under this warrant, to give a copy of this warrant, together with a receipt for the goods taken (specifying it in detail) to the person from whom it is taken by you, or in whose possession it is found, or in the absence of any person to leave a copy of this warrant with the receipt as aforesaid in the place where said goods, or any of them, are found. Given under my hand and seal this 11th day of August, 1927. Gurdon W. Gordon, United States Commissioner for the District of Massachusetts."

■ The statute under which the United States commissioner issued this warrant reads as follows:

"The several judges of the District Courts of the United States, and United States commissioners, may, within their respective jurisdictions, issue a search warrant, authorizing any internal revenue officer to search any premises within the same, if such officer makes oath in writing that he has reason to believe, and does believe, that a fraud upon the revenue has been or is being committed upon or by the use of the said premises." R. S. § 3462; 26 USCA § 1195.

One of the questions raised is whether the authority of the commissioner, in the issuance of search warrants under section 3462, is limited to the issuance of a warrant to search only.

The contention of the appellant is that the commissioner, in the issuance of search warrants thereunder, is, by the express language of the act, limited to issuing a warrant to search only, not to seize; that, had Congress intended to confer authority upon the commissioner to issue a warrant to seize as well as to search, it would have said so in terms, and, not having so stated, the court is not authorized to read into the statute such authority by construction. We see no answer to this contention, and after due consideration believe it should be sustained, and the warrant held invalid, as having been issued in excess of the commissioner's authority. It cannot reasonably be contended that, under section 3462, a commissioner is authorized to issue a warrant directing the officer to search the premises described and to arrest the occupant. Authority in the commissioner to direct a seizure is no more within the intendment of the act than is authority to direct an arrest. See 19 USCA § 499; 42 Stat. 983, § 595, and other statutes, where both a search and a seizure are expressly authorized. Congress, recognizing that section 3462 did not authorize a commissioner to issue a warrant of arrest for violation of the revenue laws, has elsewhere provided for the issuance of such warrants by a United States commissioner, but under more rigid restrictions than required for search warrants under section 3462, as follows:

"Warrants of arrest for violations of internal revenue laws may be issued by United States commissioners upon the sworn complaint of a United States district attorney, assistant United States district attorney, collector, or deputy collector of internal revenue or revenue agent or private citizen; but no such warrant of arrest shall be issued upon the sworn complaint of a private citizen unless first approved in writing by a United States district attorney." 29 Stat. 184, c. 252, § 19; 31 Stat. 956, c. 814 (18 USCA § 594).

In Rice v. United States (C. C. A.) 24 F.(2d) 479, the court assumed that section 3462 authorized a seizure. It did not decide the question.

■ It is also contended that the warrant is invalid because it was directed to a federal prohibition officer, and not to an internal revenue officer, as required by section 3462.

The application for the warrant was made by a prohibition officer, who alleged in his application or affidavit that he was "acting under the authority of and to enforce the internal revenue laws relating to the manufacture, etc., of intoxicating liquors," not under the authority of and to enforce the Prohibition Act (27 USCA), relating to the suppression of the manufacture and sale of liquor for beverage purposes. If a United States commissioner is authorized under section 3462 to issue a warrant to a prohibition officer to enforce the prohibition law, as was the view of this court in Keehn v. United States, 300 F. 493, 498, 499, it does not follow that he is authorized to issue one to a prohibition officer to enforce the internal revenue laws. While the Prohibition Act has been held to enlarge the class, or to include a prohibition officer in the class of officials to whom the magistrate may issue warrants for the enforcement of that law (Keehn v. United States [C. C. A.] 300 F. 493, 498, 499; Steele v. United States, 267 U. S. 505–509, 45 S. Ct. 417, 69 L. Ed. 761), we know of no act of Congress authorizing a United States commissioner to issue search warrants in the enforcement of the internal revenue laws to any one other than an internal revenue officer. A prohibition officer is not an internal revenue officer. See United States v. Parzah (D. C.) 18 F.(2d) 1002.

In view of the conclusions reached, we do not find it necessary to consider whether the affidavit stated facts sufficient to justify the magistrate in finding probable cause to believe that a crime, in fraud of the revenue, was being committed on the premises described, or whether section 3462 is constitutional.

For the reasons above given, the search was unlawful, and the evidence procured thereby should not have been admitted.

The judgment of the District Court is vacated, and the case is remanded to that court for further proceedings not inconsistent with this opinion.