**George A. MUNCH, Appellant, v. UNITED STATES of America, Appellee.**

No. 5803.

Circuit Court of Appeals, Fifth Circuit.

March 22, 1930.

Edwin L. Bryan, of Tampa, Fla., for appellant.

John S. Pratt, Sp. Asst. to Atty. Gen., and W. P. Hughes, U. S. Atty., of Jacksonville, Fla.

Before BRYAN and FOSTER, Circuit Judges, and DAWKINS, District Judge.

BRYAN, Circuit Judge.

This is the second appeal from a judgment of conviction upon an indictment which charged the use of the mails in executing a scheme to defraud, in violation of section 215 of the Criminal Code, 18 USCA § 338. The indictment contained two counts. On the former appeal we held that a demurrer to the first count was correctly overruled, but should have been sustained as to the second count, and that certain evidence was rendered inadmissible by reason of the invalidity of a search warrant by means of which it was obtained. 24 F.(2d) 518. On the second trial, from the judgment in which this appeal is taken, the government withdrew the second count, and did not offer any evidence that was procured by the search warrant; and appellant was convicted and sentenced on the first count only.

The evidence fully sustains the verdict. It was shown without controversy that appellant was engaged in a scheme to sell, and did sell, fictitious licenses to practice medicine, which he antedated so as to make it appear that they had been issued during the time that he was a member and secretary of a state board of eclectic medical examiners, and that the letter set out in the indictment was sent through the mails for the purpose

**1018**

of executing his scheme to defraud. The assignments of error are based upon the refusal of the trial court to direct a verdict of acquittal, but they are all based upon the contention that the first count of the indictment charges no offense, or, if it does, that the offense charged was barred by the statute of limitations. In short, it is attempted to raise in a different way the same question of sufficiency of the indictment that has already been decided. We are still of the opinion, for the reasons stated on the former appeal, that the first count is good as against the demurrer, and was not barred by statute.

The judgment is affirmed, with directions that the mandate be issued forthwith.