## CONYER v. UNITED STATES.
### No. 7060.

Circuit Court of Appeals, Sixth Circuit.

Dec. 3, 1935.

Harry S. Bennett, of Detroit, Mich. (Samuel S. Simmer, of Detroit, Mich., on the brief), for appellant.

Joseph M. Donnelly and Thurman B. Doyle, both of Grand Rapids, Mich., for appellee.

Before MOORMAN, SIMONS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

Appellant was convicted on five counts charging violations of the internal revenue laws:

(1) In that she carried on the business of a retail liquor dealer without having paid the special tax required by law (count 1);

(2) In that she had in her possession distilled spirits for the purpose of selling the same in fraud of the internal revenue laws and of avoiding payment of the taxes imposed thereon (counts 2 and 7); and

(3) In that she possessed distilled spirits, the immediate containers of which did not have affixed thereto stamps evidencing payment of internal revenue taxes (counts 4 and 5).

Two separate transactions were set up in the indictment, one being the sale of one pint of distilled spirits on December 7, 1934, and the other being the possession of 37 gallons of moonshine whisky on December 21, 1934, found in a search instituted under a search warrant. The offenses charged constitute violations of sections 193 and 1184 (now sections 1397 (a) (1) and 1440), and section 247 (now section 1152 (a) of title 26, U.S.C. (26 U.S.C.A. §§ 1152(a), 1397(a)(1), 1440).

The principal contentions are:

(1) That the search warrant under which the 37 gallons of moonshine whisky were seized was not legally issued, and that therefore the convictions under counts 5 and 7, arising out of the possession of this particular whisky, must be set aside;

(2) That there was no evidence that the appellant carried on the business of a retail liquor dealer in violation of the internal revenue laws; and

(3) That if she did she was acting under the coercion of her husband, in whose presence the sale on December 7, 1934, was made.

The principal question is whether the search warrant was valid. The affidavit and search warrant describe with sufficient particularity the place to be searched and the property to be seized. However, while the convictions charged were violations of the internal revenue laws, the search warrant was not issued thereunder, but was issued under the search warrant provisions of the Espionage Act of June 15, 1917, tit. 11, § 1 et seq., 40 Stat. 228 (now title 18, § 611 et seq., U.S.C., 18 U.S.C.A. § 611 et seq.). The internal revenue laws require that the affidavit upon which the warrant is issued shall be sworn to by an internal revenue officer, and that the warrant shall be directed to such officer. Title 26, § 1195 (now section 1502), U.S.C. (26 U.S.C.A. § 1502). This section makes no provision for seizure, and it has been held that seizure cannot be made thereunder. Kempf v. United States, 33 F.(2d) 4 (C.C.A. 1). But see May v. United States, 199 F. 53, 62 (C. C.A. 8). Seizure is specifically provided for in the Espionage Act, and was expressly authorized in this search warrant. The affidavit was executed by one George David, who was not an internal revenue officer. The search warrant authorized one Delmar Coyle, among others, to make the search. Coyle was a member of the United States Alcohol Tax Unit, and a civil officer of the United States. The affidavit and warrant complied with the terms of the Espionage Act as to search warrants (title 18, § 611 et seq., U.S.C., 18 U.S.C.A. § 611 et seq.); and if that act controls, the warrant, the search, and the seizure were valid.

We think that the search warrant was valid because the search and seizure provisions of the Espionage Act cover felonies arising under the internal revenue laws. They were assumed to be applicable for se-

curing evidence of felonies arising under statutes other than the Espionage Act in a number of federal cases, though the point was not definitely decided. Cf. Veeder v. United States, 252 F. 414 (C.C.A.7); Munch v. United States, 24 F.(2d) 518 (C. C.A.5). Moreover, the original enactment of the Espionage Act and its legislative history indicate that Congress meant the search and seizure provisions to be applied to any felony arising under statutes of the United States.

The Espionage Act contains a clause which states, among other things, that the purpose of the act is "better to enforce the criminal laws of the United States." 40 Stat. 217. The act provides (title 11, § 2, subsec. 2, 18 U.S.C.A. § 612(2) that a search warrant shall issue "when the property was used as the means of committing a felony." The offenses charged in the indictment in this case are felonies (18 U.S.C.A. § 541). The phrase is unlimited in meaning and application. The subsection covers any felony arising under any federal statute. Moreover, in the codification of the United States Code as enacted by Congress on June 30, 1926, title 11 of the Espionage Act (the search and seizure provision) was separated from the substantive provisions defining and creating a new and special group of offenses against the government (title 50, § 31 et seq., U.S.C. 50 U.S.C.A. § 31 et seq.) and was placed in title 18, U.S.C., Criminal Procedure. We think that congressional approval of the arrangement of the sections in the codification supports the view, otherwise arrived at, that it was the legislative intention to make the search warrant provisions of the Espionage Act applicable to all felonies.

Appellant contends that if the Espionage Act is construed so as to apply here, title 11, § 23 of that act (title 18, § 633, U.S.C., 18 U.S.C.A. § 633) is nullified. This section provides that the enactment of the Espionage Act shall not impair nor repeal the existing provisions of law regulating the issuance of search warrants, including those of the internal revenue laws. However, the broadening of provisions for search and seizure as applied to felony cases cannot be construed as an impairment or repeal of existing search warrant provisions. They provide a cumulative remedy which in no way diminishes the force of title 26, § 1195 (now section 1502), U.S.C. (26 U.S.C.A. § 1502).

Since search and seizure in this case were based upon a statute applicable to all felonies arising under United States statutes, the affidavit and search warrant were valid, and the conviction under counts 5 and 7 must be affirmed.

■ Upon the second question, there was substantial evidence that the appellant carried on the business of a retail liquor dealer in violation of the statute. The record shows that four men visited appellant's residence, entering at the side of the house, into the kitchen. David testified that he asked if appellant could serve them with drinks. Appellant replied, "I don't know you two fellows but these two gentlemen I know and I think it will be all right," and then sold them "four shots" of moonshine liquor, serving them in regular one and a half ounce whisky glasses. Four bottles of beer were also served. The kitchen was fitted up with a table and benches in a so-called booth. After the whisky and beer had been served, one of the men, Stone, purchased a pint bottle of whisky. The photographs in evidence indicated that the bottle had an obliterated stamp, which the record shows to have been on the bottle at the time of purchase. These surrounding circumstances, together with the various sales made in the transaction of December 7, 1934, constituted evidence sufficient to support the conviction on counts 1, 2 and 4. Sodini v. United States, 261 F. 913 (C.C.A.6).

■ Appellant's husband was present when the sale was made. Appellant denies that she ever saw David or knew him or his companions, and denies serving any drinks to him or his associates in her home. However, she contends if she did make the sale, she was making it under her husband's coercion.

The modern statutes dealing with the status of women have modified the common-law rule that a woman violating a statute in the presence of her husband is presumed to be acting under his coercion. The independence of women in political, social, and economic matters rightly places upon them an increased responsibility. We find no reversible error in the refusal of the court to charge as requested upon this point.

The conviction and sentence are sustained.