## TARAN v. UNITED STATES.
### No. 10691.

Circuit Court of Appeals, Eighth Circuit.
Feb. 18, 1937.

Robert V. Rensch, of St. Paul, Minn., for appellant.

James J. Giblin, Asst. U. S. Atty., of St. Paul, Minn. (George F. Sullivan, U. S. Atty., and Linus J. Hammond and John L. Wheeler, Asst. U. S. Attys., all of St. Paul, Minn., on the brief), for appellee.

Before GARDNER, THOMAS, and FARIS, Circuit Judges.

GARDNER, Circuit Judge.

Appellant was convicted on four counts of an indictment, charging him with violation of the internal revenue laws of the United States. Count 1 charged, in effect, that "on or about the 23d day of October, 1935, and for about three months prior thereto, at an office on the third floor of the Hamm building, on St. Peter street between Sixth and Seventh streets, in the city of St. Paul, in the county of Ramsey, in the state and district of Minnesota, and within the jurisdiction of this court, one Sam Taran did then and there willfully, unlawfully and feloniously carry on the business of a retail liquor dealer, without having paid the special tax therefor, as required by law. * * *" Count 2 is identical with count 1, except that it charged the defendant with carrying on the business of a wholesale liquor dealer. Count 3 charged that, "on or about the 23d day of October, 1935, in a certain DeSoto automobile in the vicinity of the Hamm building, on the streets of the city of St. Paul, in the county of Ramsey, in the state and district of Minnesota, and within the jurisdiction of this court, one Sam Taran, the identical person named in the first count of this indictment, unlawfully, knowingly and feloniously did conceal and aid in the concealment of distilled spirits (describing it), upon which the tax imposed by the laws of the United States had not been paid, which said distilled spirits had been removed to a place other than the bonded warehouse provided by law. * * *" Count 4 was similar to count 3 in its description of the place and the time of the alleged offense charged, and charged that the defendant "unlawfully, willfully and feloni-

ously did possess, a quantity of distilled spirits (described in the indictment), without the immediate containers thereof having affixed thereto a stamp denoting the quantity of distilled spirits contained therein and evidencing payment of all internal revenue taxes imposed on such spirits."

Defendant interposed a demurrer to each count upon the ground that it was insufficient, vague, and indefinite to such an extent that he was not advised thereby of the nature of the charge against him, in that it did not, with sufficient particularity, designate the place where the offenses were alleged to have been committed; that the first and second counts failed to allege any facts or circumstances constituting a violation of the laws of the United States, and failed to state ultimate facts which would constitute a violation thereof; that the third and fourth counts were deficient in that they failed to allege with particularity the time and place, the kind or quantity of liquor, or any other identifying facts which would give defendant notice of the occasion upon which the alleged offenses were committed; that counts 1 and 2 were repugnant to each other; that counts 3 and 4 alleged the same offense in different language. The demurrer was overruled and defendant then interposed a motion to require the government to elect whether it would proceed against defendant upon the first count or upon the second count, and whether it would proceed against defendant upon the third count or upon the fourth count. This motion was denied. Defendant moved for a bill of particulars, which motion was not formally or specifically sustained, but at the suggestion of the court a bill of particulars was furnished, and no motion for a further bill of particulars was interposed and no objection was made to the sufficiency of the bill of particulars as furnished.

At the close of all the testimony, defendant moved for a directed verdict on each count, which motion was denied. Upon the return of a verdict of guilty on each count, the court sentenced defendant to one year's imprisonment on the first count, one year's imprisonment on the second count, one year's imprisonment on the third count, and one year's imprisonment on the fourth count, the terms of imprisonment to be served concurrently. Defendant was also to pay a fine of $200 on the first count, $200 on the second count, and $200 on the third count, no fine being imposed on the fourth count.

On this appeal defendant seeks reversal on the ground that the court erred (1) in overruling his demurrer to the several counts of the indictment; (2) in overruling his motion to require the government to elect; (3) in overruling his motion for a bill of particulars; and (4) in overruling his motion for a directed verdict.

Section 1397, title 26 U.S.C.A., the statute under which the first and second counts of the indictment were drawn, provides that: "Any person who shall carry on the business of a * * * wholesale liquor dealer, retail liquor dealer, * * * without having paid the special tax as required by law shall, for every such offense, be fined not less than $100 nor more than $5,000 and imprisoned not less than thirty days nor more than two years."

Section 1398 of the same title defines a wholesale liquor dealer as, "Every person who sells, or offers for sale, foreign or domestic distilled spirits, wines, or malt liquors * * * in quantities of not less than five wine gallons at the same time," and defines a retail liquor dealer as one who sells or offers for sale such liquors in less than five wine gallons at the same time.

Counts 1 and 2 of the indictment were identical in form, except that count 1 charged the carrying on of the business of a wholesale liquor dealer, while count 2 charged the carrying on of the business of a retail liquor dealer. These two counts were challenged by the demurrer as being insufficient because they were indefinite, vague, and uncertain in that they did not set out any acts or facts which were claimed to constitute these offenses. The offenses charged were purely of statutory origin, having no relation to or counterpart in the common law. The function and purpose of the indictment is to advise the accused of the nature of the accusation against him, with such certainty as to enable him to prepare his defense, and so that he may not be taken by surprise by the evidence offered at the trial, also that he may be protected after judgment against another prosecution for the same offense. Wolpa v. United States (C.C.A.8) 86 F. (2d) 35.

It is generally sufficient to charge a statutory offense in the language of the statute, particularly if the statute expressly defines the offense. Galatas v. United States (C.C.A.8) 80 F.(2d) 15; Myers v. United States (C.C.A.8) 15 F.(2d) 977,

Ledbetter v. United States, 170 U.S. 606, 18 S.Ct. 774, 42 L.Ed. 1162. Counts 1 and 2 of the indictment followed the language of the statute, and the statute specifically defines what constitutes a "retail liquor dealer" and what constitutes a "wholesale liquor dealer." One who sells in quantities of less than five gallons is by the specific wording of the statute made a retail liquor dealer, while one who sells in quantities in excess of five gallons is made a wholesale liquor dealer. The defendant, therefore, knew as a matter of law that he was charged by the first count with selling liquor in quantities of less than five gallons, and that by the second count he was charged with selling liquor in quantities in excess of five gallons. It was not essential to set out the particular acts constituting the business, where, as here, the statute specifically defines what acts constitute such business. Ledbetter v. United States, 170 U.S. 606, 18 S.Ct. 774, 42 L.Ed. 1162; Hodge v. United States (C.C.A.8) 191 F. 165; Wolpa v. United States (C.C.A.8) 86 F.(2d) 35. These counts also sufficiently charged the time and place of the alleged offenses. Minnella v. United States (C.C.A.8) 44 F.(2d) 48. We conclude that the demurrers to counts 1 and 2 were properly overruled.

In support of the demurrers to counts 3 and 4, it is urged that these counts failed to charge the offenses so distinctly as to advise defendant of the charge which he had to meet, and to afford him a fair opportunity to prepare his defense, and that a conviction thereon would not constitute a complete defense to a second prosecution for the same offenses. It is said that they failed to charge with sufficient definiteness the time and place, or to otherwise earmark the offenses charged. In Minnella v. United States, supra, in an opinion by Judge Stone, it is said: "It is settled in this circuit now that a statement that they were possessed 'in the City of St. Louis, Missouri,' is proof against demurrer, although it may or may not be subject to a bill of particulars. Myers v. United States (C.C.A.) 15 F.(2d) 977."

These counts name not only the state, county, and city, but give the name or make of the automobile in which it is charged the liquor was concealed or possessed, and the name of the building in the vicinity of which it is alleged the offense was committed. It is also to be observed that in the bill of particulars furnished it is disclosed that the automobile referred to in counts 3 and 4 was parked along the east side of the federal court building, just south of Sixth street, on Market street, in St. Paul, Minn. In addition to this, there is no claim that defendant was taken by surprise, or was in any way prejudiced by the alleged failure of these counts of the indictment to set out in greater detail or particularity the facts and circumstances attending or making up the offenses charged. The contention of defendant in this regard is wholly without merit.

Defendant's motion to require the government to elect is bottomed on the contention that the offense charged in count 1 was substantially the same as that charged in count 2, and that the offense charged in count 3 was substantially the same as that charged in count 4. The offenses, as has already been observed, are purely statutory. It was the province of Congress to define these offenses, and having done so, its definition is conclusive. Fox v. Standard Oil Co., 294 U.S. 87, 55 S.Ct. 333, 79 L.Ed. 780; Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L. Ed. 306; Day v. United States (C.C.A.8) 31 F.(2d) 71; Schultz v. Biddle (C.C.A.8) 19 F.(2d) 478.

There would seem to be no impediment, either as a matter of fact or as a matter of law, to one carrying on the business of a retail dealer and also carrying on the business of a wholesale dealer at the same time, and at the same place. The distinction between the two occupations or businesses is clearly created and defined by the statutes. Each of these counts charged a distinct statutory offense, and required proof of facts which the other did not.

What we have said with reference to counts 1 and 2 is equally applicable to counts 3 and 4, and we conclude that the court properly denied defendant's motion to require the government to elect.

Defendant next urges that the court erred in denying his motion for a bill of particulars. When this motion was presented, the court, without either sustaining or overruling it so far as any formal order is concerned, suggested to the district attorney that a bill of particulars should be furnished, and this was done. The bill gave the location of the place at which defendant carried on the alleged business of a wholesale and retail dealer. It also furnished information as to the location of the car described in counts 3 and 4, and while it ignored numerous other

requirements for particulars, no objections or exceptions were taken to its sufficiency, and no motion was interposed for a further bill of particulars. A motion of this character is addressed to the sound discretion of the trial court. Hartzell v. United States (C.C.A.8) 72 F.(2d) 569; Bedell v. United States (C.C.A.8) 78 F.(2d) 358; Knauer v. United States (C.C.A.8) 237 F. 8. As we think the indictment in all its counts set out the nature of the offenses charged with sufficient particularity, there was certainly no abuse of discretion if it can be said that the court denied defendant's motion. But having failed to object to the bill of particulars as furnished, and having made no motion for a further bill, the question was waived.

 It is finally contended that the court erred in denying defendant's motion for a directed verdict. The jury having found the issues in favor of the government, if there was substantial evidence to support the verdict, the court properly denied the motion. Galatas v. United States (C.C.A.8) 80 F.(2d) 15. We must assume that the jury believed the testimony produced by the government. That evidence showed that the defendant delivered two cases of whisky to the witness Caleb Larson for sale and that it was disposed of by Larson by the case, or in quantities of less than five gallons. On another occasion, defendant delivered four cases of liquor to Larson for sale, and sales were made in quantities of less than five gallons. On numerous occasions defendant stated to Larson that he was interested in selling the liquor in large quantities; that he in fact was not interested in small sales, and urged Larson to solicit customers for large quantities; and Larson, acting for defendant, interviewed several prospective purchasers for large quantities, in an effort to sell the liquor in quantities of more than five gallons. There was direct evidence that defendant, through Larson, was selling the liquor in quantities of less than five gallons, and hence, that he was engaged in the business of a retail liquor dealer. There was also evidence that defendant held himself out as ready, willing, and able to deliver liquor in quantities exceeding five gallons in one sale. Through Larson, he was attempting to effect such sales, and this was sufficient to show that he was carrying on the business not only of a retail liquor dealer, but also of a wholesale liquor dealer. Day v. United States (C.C.A.8) 31 F.(2d) 71; Hodge v. United States (C.C.A.8) 191 F. 165; Sodini v. United States (C.C.A.6) 261 F. 913; Bailey v. United States (C.C.A.6) 259 F. 88. This is not a case in which there was an isolated sale unconnected with circumstances showing that defendant was in the business of selling. As to counts 1 and 2, we conclude that the court properly denied defendant's motion for a directed verdict.

 It remains to consider the contention that the evidence was insufficient to sustain the conviction under counts 3 and 4. We shall first consider count 3. This charged the defendant with concealing and aiding in the concealment of the liquor described in the count, in a certain DeSoto automobile, which had been removed to a place other than a bonded warehouse, to wit, to this DeSoto automobile, and upon which the special tax had not been paid. Count 3 did not involve a failure to have proper stamps attached to the containers, but it charged defendant with concealing liquor upon which the tax had not been paid. The containers did not have genuine stamps attached. True, there were counterfeit stamps attached, but counterfeit stamps are not "stamps at all," within the meaning of the statute. Carney v. United States (C.C.A.6) 79 F.(2d) 821. So we may start with the proposition that defendant had possession of this liquor and was concealing it, and that the containers were unstamped. It is said that lack of stamps places the burden of evidence on defendant. Macklin v. United States (C. C.A.9) 79 F.(2d) 756.

We must assume that the jury found that this liquor was being concealed by defendant. It had been in his possession, and, so far as appears from the evidence, that possession was exclusive. For the purpose of transferring possession to Larson, he took the latter's car, and with great care and secrecy secured from some place known to himself but unknown to Larson and apparently concealed from Larson, the liquor. There was secrecy in the entire transaction. Then he instructed Larson not to reveal the source of his supply, but to report that he had secured it from some one traveling through the state. These acts in themselves were evidence of guilty knowledge. The presence of the spurious stamps upon the liquor which defendant was concealing, and of which he had the exclusive possession, was a further badge of suspicion. It is to be observed that these spurious stamps were

found not only upon one single container or bottle, but upon various bottles of liquor handled by defendant, and this, even if the charge were that of counterfeiting or passing counterfeit money, would be evidence bearing on the question of knowledge or intent. United States v. Doebler, 25 Fed. Cas. p. 883, No. 14,977; United States v. Noble, Fed.Cas.No.15,895, 5 Cranch, C.C. 371; People v. Frank, 28 Cal. 507; Com. v. Stearns, 10 Metc. (Mass.) 256; State v. Mix, 15 Mo. 153; State v. Brown, 4 R. I. 528, 70 Am.Dec. 168; Mount v. Commonwealth, 1 Duv. (Ky.) 90.

█ It is to be noted too that it was not the contention of defendant in the lower court that he was misled by the presence of these spurious stamps which he assumed were genuine, but he took the witness stand and denied the entire transaction. His knowledge need not have been proved by direct testimony; in fact, the state of one's mind is rarely to be so proven. If the facts and circumstances proven were sufficient to warrant the inference of knowledge that the tax had not been paid upon this liquor, this would be sufficient because the law presumes, on proof of such facts, that a person has knowledge equivalent in legal effect to actual knowledge. Rumely v. United States (C.C.A.2) 293 F. 532. It was admitted by defendant during the trial that the stamps were spurious and not genuine. When he acquired this knowledge was not directly disclosed.

When all the attending facts and circumstances are considered, we think them sufficient to warrant the inference by the jury that defendant had knowledge that the liquor concealed by him in the DeSoto automobile was liquor upon which the tax required by law had not been paid.

It follows that the court did not err in denying defendant's motion for a directed verdict as to count 3.

█ Whether there is substantial evidence to sustain the verdict as to count 4 need not be considered. The sentences of imprisonment run concurrently. The combined fines fixed by the sentences on all counts did not exceed that which might have been imposed under counts 1, 2, and 3, which we have sustained. The defendant could not, therefore, have been prejudiced by the sentence imposed on count 4. Palno v. United States (C.C.A.8) 58 F.(2d) 111; Hood v. United States (C.C.A.8) 14 F.(2d) 925; Maddelin v. United States (C. C.A.7) 46 F.(2d) 266; United States v.

Trenton Potteries Co., 273 U.S. 392, 47 S. Ct. 377, 71 L.Ed. 700, 50 A.L.R. 989.

The judgment appealed from is therefore affirmed.