UNITED STATES of America

v.

James Earl Leslie FULCHER, Jr., Milton Roger Streifel, Daniel Louis Derito.

Cr. No. 26538.

United States District Court
D. Maryland.

May 20, 1964.

Thomas J. Kenney, U. S. Atty. and Joseph H. H. Kaplan, Asst. U. S. Atty., Baltimore, Md., for the United States.

Sheldon E. Friedman, Baltimore, Md., for defendants Fulcher and Derito.

W. Walter Farnandis, Baltimore, Md., for defendant Streifel.

THOMSEN, Chief Judge.

The indictment filed herein charges 28 mailings on various dates between April 1963 and March 1964 in aid of a scheme

to defraud,[1] devised by defendant Fulcher about January 1963, in which he was aided and abetted during specified overlapping periods by defendants Streifel and Derito. Fulcher is charged in all 28 counts, Streifel in 18, Derito in 9.

### A.

Fulcher has moved for the return to him and the suppression as evidence of (1) property seized on 16 March 1964 by a deputy marshal and postal inspectors at 110–112 West 25th Street, in Baltimore, pursuant to search warrants issued by a United States Commissioner, and (2) mail addressed to him under various trade names which was seized and opened between 6 March 1964 and 26 March 1964 by postal inspectors at the Baltimore Post Office, pursuant to a series of search warrants issued by the Commissioner. The issuance of each warrant was based on an elaborate affidavit, (1) stating probable cause to believe that specified items at the 25th Street premises were designed or intended for use or had been used as the means of committing violations of 18 U.S.C.A. § 1341, or (2) stating that specified items of mail contained fruits of such violations.

(1) With respect to the 25th Street premises, Fulcher contends: (a) that a warrant cannot be issued for the purpose of obtaining evidence of an intended crime; and (b) that there is no presumption that a scheme to defraud once established continues to exist.

Proposition (a) ignores the fact that a warrant may be issued under Rule 41(b), F.R.Crim.P., to search for and seize any property "(2) Designed or intended for use or which is or has been used as the means of committing a criminal offense". To support proposition (b), defendant mistakenly relies on Merrill v. United States, 9 Cir., 95 F.2d 669 (1938), which dealt with the sufficiency of evidence at the trial, and not with the propriety of a search warrant.

(2) With respect to both the mail and the other property, Fulcher contends that a warrant cannot be issued to search for and seize letters, writings, etc. used or intended to be used in the execution of a scheme to defraud in violation of 18 U.S.C.A. § 1341, but only in connection with crimes specifically referred to in certain statutes which preceded Rule 41. This argument ignores the plain language of Rule 41(b) (2), quoted above.

Defendant cites one or two cases decided before 1917, particularly United States v. Jones, N.D.N.Y., 230 F. 262 (1916), in which it was held that a search warrant could not be issued with respect to the crime of mail fraud without specific statutory authority for such issuance. The Court said: "The post office authorities, especially the inspectors, and also the United States attorneys, are now hampered and delayed in their investigations by the absence of such authority * * *. This Court is of the opinion that a suitable law on this subject should be enacted." 230 F. at 269, 270. The lack was supplied by the Espionage Act of 1917, 40 Stat. 220–230, formerly 18 U.S.C.A. §§ 611–625. Sec. 612 was construed as permitting a search warrant to be issued with respect to "any felony arising under statutes of the United States". Conyer v. United States, 6 Cir., 80 F.2d 292, 294 (1935). Rule 41(b) took the place of 18 U.S.C.A. § 612, and applies to all criminal offenses under the laws of the United States. See Notes of Advisory Committee on Rules, 18 U.S.C.A., F.R.Crim.P., Rules 32–End, p. 213.

The conclusion that Rule 41 authorizes search warrants permitting the opening of mail as well as the search of houses and other premises is supported by 39 U.S.C.A. § 4057, part of the 1960 recodification of laws dealing with the Postal Service,[2] which provides: "Only an employee opening dead mail by authority of the Postmaster General, or a person holding a search warrant authorized by law may open any letter or parcel of the first class which is in the custody of the Department." Defendant argues that

---

1. In violation of 18 U.S.C.A. § 1341.

2. 74 Stat. 657.

'sec. 4057 is limited to espionage cases covered by 18 U.S.C.A. § 1717(a) and (b). However, the Revision Note to sec. 4057 states:

"This section is based on section 1717(c) of title 18 and on sections 256, 259 and 732 of title 39. Each of these sections contains language prohibiting the opening of letter mail. The provisions of section 1717(c), title 18, are not restricted to opening mail to discover violations of subsections (a) and (b) of section 1717, title 18. Therefore, the provisions of the said subsection are consolidated in this section with somewhat similar provisions of sections 256, 259, 732 of title 39."

█ The same constitutional principles govern the issuance of warrants for the search and seizure of mail as govern the search and seizure of papers in a house. Ex parte Jackson, 96 U.S. 727, 733, 24 L.Ed. 877.

█ No case has been cited or found indicating that any court or any defendant since 1917 has questioned the right of postal inspectors to obtain warrants permitting them to open mail reasonably believed to contain fruits of a mail fraud scheme or to search premises reasonably believed to contain property designed or intended for use or which has been used as the means of committing a violation of the mail fraud statute.

### B.

█ Both Streifel and Derito seek severance of their trials from the trial of Fulcher, Streifel because he was not employed by Fulcher on 16 March 1964, the date of the seizure of the property at the 25th Street premises, which was reported in the press. However, the indictment charges a single scheme, extending over a period of 15 months, January 1963 to March 1964, and charges Streifel with participation therein from 1 March 1963 to 6 February 1964, Derito with overlapping participation from 1 January 1964 to 13 March 1964. No ground for severance at this time has been shown. Gorin v. United States, 1 Cir., 313 F.2d 641, 646.